612 So.2d 808 (1992)
Edna Shorter TERRY
v.
Curtis David TERRY.
No. 91 CA 2201.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Kenneth A. Goodwin, New Orleans, for plaintiff/appellee.
Homer C. Singleton, Jr., Lake Charles, for defendant/appellant.
Ted W. Hoyt, Lafayette, for John E. Broussard & Cecelia A. HoytTrustees.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
This matter arises from a judgment of partition of the community of acquets and gains that existed between Edna Shorter Terry and Curtis David Terry. The parties were granted a divorce on May 27, 1980, and a judgment of partition was signed by Judge Robert M. Fleming on November 7, 1988.[1] An appeal was taken by both parties, and the trial court judgment was affirmed by this court in an opinion dated June 26, 1990, 565 So.2d 997.
During the appeal the bulk of the community assets were placed in trust pending a final judgment. After the judgment became final a discrepancy between the original judgment and the trial court's reasons for judgment was discovered, and a dispute arose concerning the proper distribution of the community assets. In the trial court's reasons for judgment the court stated it would award Mr. Terry an in-kind distribution with a net dollar value of $155,276.00 and Mrs. Terry an in-kind distribution with a net dollar value of $103,295.00. Thereafter the court stated:
Accordingly, in the distribution of the assets of the community, the parties are entitled to an adjustment reflecting the allocations by this Court of the credits *809 listed and the total value of their part of the community....
However, the trial court judgment made no mention of any adjustment; it only listed the distributions to each party consistent with the references in the Reasons for Judgment concerning the various in-kind distributions.
On April 3, 1991, the trustees moved for a dismissal of the trust and a distribution of the proceeds according to the judgment. A hearing was conducted on May 16, 1991, and by judgment signed on June 10, 1991, the trial court ordered that:
CURTIS D. TERRY having received from the community an in-kind-distribution with a net dollar value of $155,276.00 and EDNA S. TERRY having received from the community an in-kind-distribution with a net dollar value of $103,295.00, in accordance with the Reasons for Judgment and in order to equalize the said distributions from the community and before the percentages of 50.5% and 49.5% are applied to the "remaining funds", the sum of $51,981.00 should be payable to EDNA S. TERRY from the funds held in trust.
Mr. Terry appealed, alleging that the trial court erred in modifying a final judgment of partition of community property. We agree.
The Louisiana Code of Civil Procedure provides three methods of seeking modification of a judgment in the trial court: a motion to amend judgment, a motion for a new trial, and an action for nullity of judgment. See LSA C.C.P. arts. 1951, 1971 and 2001-2006 respectively.
LSA C.C.P. art. 1951 provides that a final judgment may be amended by the trial court at any time on its own motion or pursuant to the motion of any party: to alter the phraseology, but not the substance, of a judgment; or to correct errors in calculation. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). In other words, a judgment may be amended under LSA-C.C.P. art. 1951 where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d at 450. However, when an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under LSA C.C.P. art. 1951. A change in visitation privileges allegedly to reflect the judge's written reasons has been determined to be a substantive change. Villaume v. Villaume, 363 So.2d at 450. A change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change. Jones v. Gillen, 564 So.2d 1274, 1280 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, [568 So.2d] 1081 (La.1990); Abney v. Allstate Insurance Company, 442 So.2d 590, 591 (La.App. 1st Cir.1983). A change adding a reference to a mortgage is substantive. Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 778 (La.App. 2nd Cir.1991).
The proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal. Villaume v. Villaume, 363 So.2d at 451; Gulfco Investment Group, Inc. v. Jones, 577 So.2d at 777; Coomes v. Allstate Insurance Company, 517 So.2d 436, 437 (La.App. 1st Cir.1987).

* * * * * *
Under LSA-C.C.P. art. 1971, a new trial may be granted upon contradictory motion of any party or by the court on its own motion. While this court has consistently held that a contradictory hearing on the motion for a new trial must be held, the Louisiana Supreme Court has recognized that, on his own motion and with the consent of the parties, the trial judge may amend a judgment substantively, thereby creating a new, final judgment from which the delay for taking an appeal commences to run anew. Villaume v. Villaume, 363 So.2d at 451. See Abney v. Allstate Insurance Company, 442 So.2d at 592.
Preston Oil Company v. Transcontinental Gas Pipe Line Corporation, 594 So.2d 908, 911-912 (La.App. 1st Cir.1991).
Substantive amendments to judgments made without recourse to the above procedures have been uniformly held to be absolute *810 nullities. Labove v. Theriot, 597 So.2d 1007 (La.1992).
The change in the judgment in the instant case is clearly a substantive change awarding Mrs. Terry more than the original judgment. Furthermore, the change was without the consent of Mr. Terry and was not made pursuant to a timely motion for a new trial. We must reach this result even though the trial court reasons apparently intended otherwise. See Myer v. Pagan, 439 So.2d 501 (La.App. 1st Cir.1983); Zeringue v. Zeringue, 479 So.2d 443 n. 2. (La.App. 1st Cir.1985). We also cannot agree with plaintiff's contention that the references[2] to the trial court's reasons for judgment in the final judgment are sufficient to make the reasons for judgment part of the final judgment.
Accordingly that portion of trial court judgment awarding Mrs. Terry an equalization payment of $51,981.00 is reversed. The judgment is affirmed in all other respects. Costs of this appeal are assessed one-half to each party.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] In connection with the partition judgment, Judge Fleming also signed and filed Reasons for Judgment on May 4, 1988, and Supplemental Reasons for Judgment on September 2, 1988.
[2] The trial court judgment made reference, by number, to the non-liquid community assets which it had listed in its reasons for judgment. We note that although the court used the item numbers given in its reasons for judgment it also described the items in its final judgment and did not refer in any manner to the adjustment mentioned in its reasons for judgment.