706 So.2d 508 (1997)
REBCO MARINE, INC. and Community Bank of Lafourche
v.
HOMESTEAD INSURANCE COMPANY, Gulf Tran, Inc., Arthur J. Gallagher & Co., Arthur J. Gallagher of Louisiana, Inc., ABC Insurance Company and XYZ Insurance Company.
No. 96 CA 1975.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
*509 Ashton R. O'Dwyer, New Orleans, for plaintiffs/appellants Rebco Marine, Inc. and Community Bank of Lafourche.
Kevin R. Tully, New Orleans, for defendant/appellee Homestead Insurance Company.
Paul N. Vance, New Orleans, for defendant/appellee Arthur J. Gallagher & Co.
Joel Hanberry, Cut Off, for defendant/appellee Gulf Tran, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Plaintiffs, Rebco Marine, Inc. and Community Bank of Lafourche, appeal a judgment denying their motion to amend a previous judgment. The dispute in this matter centers on whether the trial court erred in refusing to amend its prior judgment which awarded double damages under LSA-R.S. 22:1220 on a sum of $6000.00 per month in lost income or "monthly accumulating damages," but erroneously expressed the sum as "$600.00 per month." Thus, the issue before us is whether the judgment can be amended under LSA-C.C.P. art.1951 after the judgment has become definitive. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
The original judgment was rendered in an action between plaintiffs, the owner and mortgage holder of the M/V Bob R, and defendants, the charterer, insurance broker and insurer of the vessel, to recover the proceeds of hull insurance, loss of income, damages, and penalties, all arising out of the sinking of the M/V Bob R on February 15, 1993, in the Gulf of Mexico. After a week-long trial, the trial court rendered a money judgment for damages against the defendant, Homestead Insurance Company ("Homestead").
In finding that plaintiff, Rebco Marine, was entitled to judgment in its favor, the trial court rendered written reasons for judgment, which provide in part as follows:
The plaintiff is entitled to recover for the loss of use of the vessel for the period of time that it has remained tied up and not repaired. The vessel has been out of service from the date it sank, February 15, 1993, until this time or for a period of 13 months. It would have taken at least 90 days to repair the vessel. This is not a factor in calculation of damages, since it will begin to run when the plaintiff receives the funds to repair the vessel. Therefore, the plaintiff has lost the income from the vessel for a period of 13 months, or the sum of $6,000.00[1] per month until the funds are provided to the plaintiff to repair the vessel. The plaintiff is entitled to a judgment in the sum of $78,000.00 for the loss of use of the vessel, plus the sum of $6,000.00 per month until the defendant *510 pays the plaintiff the funds to repair the vessel. Rebco is entitled to have these sums doubled as damages pursuant to LSA-R.S. 22:1220.

* * * * * *

CONCLUSION

 Therefore, Homestead Insurance Company is liable to
 Rebco for the following sums:
1. Cost to repair vessel....................... $304,623.00
2. Estimated bottom repair..................... 5,000.00
3. Loss of Charter Hire........................ 78,000.00
4. $6,000.00 per month loss of income, from
 date of accident, February 15, 1993,
 until costs to repair vessel are paid.
5. Attorney fees............................... 10,000.00
6. Damages due under LAS-[sic]R.S. 22:658
 at 10% of total damages due or ........... 7,800.00
 plus 10% of the accumulating $6,000.00
 per month[.]
7. Double damages due under LAS-[sic]R.S.
 22:1220 .................................. 78,000.00
 plus double the $6,000.00 per month accumulating
 loss of Charter Hire.
8. Expert fees ................................ 3,500.00

(Emphasis added).
A judgment, which purported to be in conformity with the trial court's written reasons, was signed on April 14, 1994. Both plaintiffs and defendant Homestead appealed the April 14, 1994 judgment. This court, in a brief, unpublished opinion, affirmed the judgment of the trial court. Rebco Marine, Inc. v. Homestead Insurance Company, 95-0076 (La.App. 1st Cir. 10/6/95), 662 So.2d 880(unpublished opinion). Plaintiffs and Homestead then applied for writs to the Supreme Court, which were denied on January 26, 1996. Rebco Marine, Inc. v. Homestead Insurance Company, 95-2652, 95-2684 (La.1/26/96); 666 So.2d 670, 671.
Thereafter, on April 29, 1996, plaintiffs filed a motion to amend the judgment, averring that the judgment contained "certain clerical errors."[2] The problematic portions of the judgment deal with the awards to plaintiff listed in the judgment for monthly accumulating damages, and penalties thereon, as set forth on paragraphs 4, 7, and 9 of the judgment,[3] which provide in part as follows:
[4] IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Rebco Marine, Inc., and against the defendant, Homestead Insurance Company, in the full sum of SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS per month in the nature of lost income, from the date of the accident, February 15, 1993, until the costs to repair the M/V Bob R are paid.
* * * * * *
[7] IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Rebco Marine, Inc., and against the defendant, Homestead Insurance Company, in the full sum of SIX HUNDRED AND NO/100 ($600.00) DOLLARS per month, from the date of the accident until the costs to repair the M/V Bob R are paid, for damages due under LSAR.S. 22:658, being ten-percent of the monthly accumulating damages.
* * * * * *
[9] IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Rebco Marine, Inc., and against the defendant, Homestead Insurance Company, in the full sum of SIX HUNDRED AND NO/100 ($600.00) DOLLARS per month until costs to repair the M/V Bob R are paid, representing the balance due for double the monthly accumulating damages.
(Emphasis added.)
Plaintiffs complained that the judgment signed by the trial court[4] is both internally inconsistent as well as at odds with the trial court's written reasons for judgment. In support of their efforts to amend the judgment, plaintiffs argued that the $600.00 figure awarded in paragraph nine should, in fact, have been expressed as $6,000.00 per month. In paragraph four of the judgment, damages are awarded in the sum of $6,000.00 *511 per month for "lost income," also referred to in the judgment as "monthly accumulating damages." However, paragraph nine, which awards "the balance due for double the monthly accumulating damages," as authorized by LSA-R.S. 22:1220, instead expresses this figure as $600.00 per month. Thus, plaintiffs argue this portion of the judgment is inconsistent with the other provisions set forth therein, and represents an error in calculation by the trial court.
After a hearing consisting of argument from counsel on the merits of plaintiffs' motion, the trial court denied the motion to amend the judgment. From this July 2, 1996 judgment, denying the motion to amend the previous April 14, 1994 judgment, plaintiffs appeal.

DISCUSSION
In concluding that the original judgment rendered herein, which had become a definitive judgment, could not be amended, the trial court stated:
[I]f there was an error in the Judgment, counsel should have taken care of that error immediately after the trial, made a motion to correct it. He failed to do so. The Court finds that at this late date, it would be an alteration of the Judgment and the substantive portions of the Judgmentsome $5,400.00 per month. (Emphasis added).
Louisiana Code of Civil Procedure article 1951 does not authorize the amendment of a final judgment to conform with the trial court's reasons for judgment where the amendment would make substantive changes to the original judgment. Indeed, the trial court's written judgment is controlling even in those instances where the trial court may have intended otherwise. Accordingly, the proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal.[5]Starnes v. Asplundh Tree Expert Company, 94-1647, p. 5 (La.App. 1st Cir. 10/6/95); 670 So.2d 1242, 1246. However, LSA-C.C.P. art.1951 also provides that a final judgment may be amended to alter the phraseology, but not the substance of the judgment, or to correct errors of calculation. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). As stated in the article, a modification of a judgment made pursuant to LSA-C.C.P. art.1951 can be made "at any time," and such an amendment is allowed even after the judgment has become definitive. Hurst v. Ricard, 558 So.2d 1269, 1273-1274 (La.App. 1st Cir.), writ denied, 559 So.2d 1378 (La.1990).
Thus, the trial court's reliance upon the fact that plaintiffs' motion to amend the judgment was filed "at this late date" in concluding that the amendment sought would be substantive was misplaced. Rather, the more appropriate inquiry is whether the amendment sought is one authorized by LSA-C.C.P. art.1951. In the instant case, focusing solely on the judgment (and not the trial court's reasons therefor), the question presented is whether the amendment sought is an amendment "to correct errors of calculation."
As stated above, paragraph four of the original judgment awards the sum of $6,000.00 per month for "lost income," which is also referred to in the judgment as the "monthly accumulating damages." Additionally, in paragraph seven, penalties pursuant to LSA-R.S. 22:658 are awarded in the amount of $600.00, set forth as representing ten percent of the monthly accumulating damages. However, in expressing the award for penalties pursuant to LSA-R.S. 22:1220, paragraph nine of the original judgment expresses the amount awarded as $600.00 for the balance due for double the monthly accumulating damages. Clearly, it is a mathematical impossibility for the sum of $600.00 to represent the ten percent of the monthly accumulating damages and an award to double the monthly accumulating damages as recited in the awards granted in judgment.
Further review of the judgment confirms that the trial court erred in expressing the sum awarded in paragraph nine of the judgment as $600.00 for double the monthly accumulating *512 damages. In paragraph three of the original judgment, the trial court awards plaintiffs the sum of $78,000.00, representing $6,000.00 per month for loss of income from the vessel for the thirteen months that the vessel had been out of service prior to the judgment being rendered. Additionally, in paragraph six of the original judgment, plaintiffs are awarded the sum of $7,800.00, representing a ten percent penalty on the $78,000.00 figure pursuant to LSA-R.S. 22:658. Most significantly, in paragraph eight of the original judgment, plaintiffs are awarded an additional $78,000.00, "representing the balance due for double damages under LSA-R.S. 22:1220." (Emphasis added).
Thus, reviewing the original judgment as a whole, it is clear that the judgment contains an error in calculation in paragraph nine, wherein the trial court awarded penalties constituting double the monthly accumulating damages but expressed this figure as $600.00 per month, rather than $6,000.00 per month.
Nonetheless, defendant argues that the amendment sought is not authorized, because an amendment which changes the amount due has been held to be an alteration of the substance of a judgment and not a correction of errors in calculation. It is correct that this court has held that an amendment to a judgment which alters the amount of relief that a party is entitled to receive is a substantive change. Terry v. Terry, 612 So.2d 808, 809 (La.App. 1st Cir.1992). However, the amendment sought by plaintiffs would not have the effect of changing the amount of relief to which plaintiffs are entitled under the original judgment. The original judgment clearly provides that plaintiffs were awarded "double monthly accumulating damages." However, when this award was expressed as a numerical sum, it was erroneously expressed as $600.00 per month, rather than $6,000.00 per month. Undoubtedly, this was an error in calculating the amount due for "double the monthly accumulating damages" properly awarded in the judgment. See Wegman v. Central Transmission, Inc., 499 So.2d 436, 451-452 (La.App. 2nd Cir. 1986), writ denied, 503 So.2d 478 (La.1987). As such, an amendment to correct this error in calculation is authorized pursuant to LSA-C.C.P. art.1951.

CONCLUSION
For the above and foregoing reasons, the portion of the trial court's July 2, 1996 judgment which denied plaintiffs' motion to amend judgment is reversed. The paragraph of the April 14, 1994 judgment of the trial court awarding plaintiffs "the balance due for double the monthly accumulating damages," which begins at the bottom of page two and continues on the top of page three of the judgment, is hereby amended to provide as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Rebco Marine, Inc., and against defendant, Homestead Insurance Company, in the full sum of SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS per month until costs to repair the M/V Bob R are paid, representing the balance due for double the monthly accumulating damages."
Costs of this appeal are assessed against defendant, Homestead Insurance Company.
REVERSED AND RENDERED.
NOTES
[1] In the trial court's written reasons for judgment, a footnote is inserted at this point which reads "This is the amount that Gulf Tran paid Rebco for the bare boat charter of the vessel."
[2] In their motion, plaintiffs also sought to reduce to a sum the certain costs and interest due plaintiffs, which was denied by the trial court. However, the trial court's denial of relief on the issue of costs and interest due is not before us on appeal.
[3] We have numbered the paragraphs of the judgment for convenience.
[4] Although not clearly indicated in the record, the parties do not dispute that the trial court prepared the judgment.
[5] The Louisiana Supreme Court has also recognized that, on its own motion and with the consent of the parties, the trial court may amend a judgment substantively. Villaume v. Villaume, 363 So.2d 448, 451 (La.1978).