722 So.2d 130 (1998)
Robert Glenn SCRUGGS, Plaintiff/Appellant,
v.
MINTON EQUIPMENT CO., INC., Defendant/Appellee.
No. 98-987.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*131 Fred Andrew Pharis, Esq., Alexandria, for Robert Glenn Scruggs.
Kenneth Alfred Doggett, Esq., Alexandria, for Minton Equipment Co., Inc.
Larry B. Minton, Esq., Alexandria, for The Estate of Charles B. Minton, et al.
Before PETERS, SULLIVAN and PICKETT, Judges.
PICKETT, Judge.
The plaintiff, Robert Glenn Scruggs, obtained a judgment against Minton Equipment Co., Inc. for reduction of the purchase price of a piece of rebuilt logging equipment in a redhibition action in 1989. After a the bench trial on May 9, 1989, the trial court issued written reasons, on September 12, 1989. In those written reasons the defendant was found to be a manufacturer presumed to know of the defects and awarded a reduction in purchase price, lost profits, attorney's fees and legal interest. The trial court ordered the plaintiff's counsel to prepare a judgment in accordance with the written reasons. This judgment was rendered on October 2, 1989 and made no mention of legal interest. The plaintiff later sought to have Spring Creek Properties, Inc. substituted for Minton Equipment Co., Inc. Counsel for Minton had no objection, and a consent order was signed on December 20, 1989. This consent order also made no mention of legal interest.
On November 20, 1997 the judgment was executed when a notice of fieri facias was entered against property of Spring Creek. The estate of Charles B. Minton intervened, asserting that Charles B. Minton, who died on March 15, 1992, was the owner of Minton Equipment Co., Inc. and a co-owner of Spring Creek. The intervenors claimed that since the judgment was silent as to legal interest, Mr. Scruggs was not entitled to be paid legal interest. The trial court ordered the Rapides Parish Sheriff's Office to place into the registry of court an amount sufficient to satisfy legal interest from the proceeds of the sale. The property was sold for $90,600.00, and $22,008.75 was placed into the registry of the court. After the hearing on February 23, 1998, the trial court released the $22,008.75 to the estate.
*132 This plaintiff filed this suspensive appeal alleging the trial court erred in releasing the funds in the registry of the court to the intervenors and in not paying the funds to Robert Glenn Scruggs. For the following reasons, we affirm the trial court's judgment.
The plaintiff's first argument against the trial court's refusal to allow the plaintiff to collect judicial interest is that the original judgment of the court and the consent order failing to provide for judicial interest was due to mistake or clerical error. The plaintiff continues that the trial court's written reasons clearly indicate the trial judge intended to award judicial interest and the later trial court should have allowed the judgment to be amended to allow the award. La.Code Civ.P. Art.1951 provides for the amendment of judgments by the trial court, which states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
The law is quite clear that a final judgment may not be amended to effect a substantive change. La.Code Civ.P. art. 1951; Hebert v. Hebert, 351 So.2d 1199 (La. 1977); Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95); 670 So.2d 1242, rehearing denied. An amendment to a final judgment is not even permitted to conform with the trial court's written reasons for judgment which clearly indicates the trial court's intentions. Hebert, 351 So.2d 1199. The proper vehicle for a change in judgment is to either timely file for an appeal or motion for a new trial. Hebert, 351 So.2d 1199.
In Starnes, the first circuit refused to uphold an amendment to a judgment in a worker's compensation case which added an award for medical expenses. The award for medical expenses was provided for in the trial court's written reasons, however the medical award was not contained in the final judgment. The first circuit found this amendment to be a substantive change to the final judgment and that such amendment was an absolute nullity.
Likewise, in Hebert, the supreme court refused to let an amendment to a final judgment stand, which altered a party's child support commitment. In that opinion, Justice Dennis, wrote:
Furthermore, we think that the legislature intended to prohibit alterations in the substance of the written judgment after it has been signed by the judge and not alterations in the judge's oral statements from the bench. Otherwise, inadvertent but substantive misstatements once uttered by the trial judge could not be changed except for their phraseology or for corrections of errors in calculation. This result would be unreasonable. It is much more likely that the lawmakers considered the written judgment to be the final judgment which is unalterable in substance. A judgment of this nature is usually prepared with care, and the trial judge may require that both parties or their counsel approve its form before signing. A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for new trial or a timely appeal. Moreover, the notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court's decree.
Hebert, at 1200.
The plaintiff next argues judicial interest should be awarded by virtue of La. R.S. 13:4203. La.R.S. 13:4203 provides that in cases "sounding in damages, `ex delicto,'" judicial interest attaches from the date of judicial demand. The plaintiff claims the nature of the redhibition action is delictual and not merely contractual. The law and this area is also well settled. Redhibition is based primarily in contract, as it arises from the sellers warranty of the thing sold. This cause of action does not "sound in damages ex delicto." Davis v. Le Blanc, 149 So.2d 252 (La.App. 3 Cir.1963).
*133 Accordingly, we affirm the judgment of the trial court; all costs are assessed against plaintiffs-appellants.
AFFIRMED.