# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1424


**PEGGY LANDRY AND DALE LANDRY**

**VERSUS**

**FOREST RIVER, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20046165
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.

**AFFIRMED.**


**Joseph Patrick Hebert**
**Renee Z. Berard**
**Liskow & Lewis**
**P.O. Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**Counsel for Defendant/Appellee:**
**Forest River, Inc.**

**Richard Collins Dalton**
**Dalton Law Firm, L.L.C.**
**111 Park West Drive**
**Scott, LA 70583**
**(337) 262-0700**
**Counsel for Plaintiffs/Appellants:**
**Peggy Landry**
**Dale Landry**

**SAUNDERS, Judge.**

This is a redhibition case where the plaintiffs purchased a new camper from a recreational vehicle seller. The plaintiffs named as defendants both the seller and the manufacturer of the camper. They alleged that the camper had redhibitory defects and sought a recision of the sale, nonpecuniary damages and attorney's fees. Prior to the trial, the plaintiffs settled with the seller.

After a trial on the merits, the trial court ruled that the plaintiffs were entitled to a return of the purchase price, reimbursement for additional expenditures related to the sale, and attorney's fees but denied nonpecuniary damages. The trial court reduced the award by giving the manufacturer a credit for the plaintiffs' use of the camper and a credit for the plaintiffs' settlement with the seller.

The plaintiffs appealed the credit for use, the credit for settlement, the denial of nonpecuniary damages, and the amount of attorney's fees awarded by the trial court. Further, the plaintiffs request additional attorney's fees for work done on this appeal.

We affirm the trial court on all assignments of error and deny plaintiffs' request for additional attorney's fees. We assess all costs of this appeal to the plaintiffs. Affirmed.

**FACTS AND PROCEDURAL HISTORY:**

In October of 2001, Peggy and Dale Landry (hereinafter "the Landrys") purchased a 2002 Forest River Cardinal recreational vehicle (hereinafter "the camper"). The camper was purchased from Stevens Mobile Home and RV Center (hereinafter "Stevens") and manufactured by Forest River, Inc. (hereinafter "Forest River").

The Landrys had trouble with their new camper and brought a redhibition claim against Stevens and Forest River. The Landrys sought a return of the purchase price, reimbursement for a gooseneck connection added to the camper and insurance paid on the camper, an award for nonpecuniary damages, and attorney's fees and expenses.

On the eve of the trial, the Landrys settled with Stevens. After a trial on the merits, the trial court granted a recision of the sale. The judgment against Forest River called for a return of the purchase price of the camper, reimbursement for additional equipment and insurance premiums paid by the Landrys, and attorney's fees and expenses incurred by the Landrys. The final award to the Landrys was reduced by a credit to Forest River for the Landrys' use of the camper ($2,100.00), and a credit to Forest River for the settlement the Landrys entered into with Stevens ($8,000.00).

The Landrys appealed the trial court's ruling denying their claim for nonpecuniary damages and also appealed both credits given to Forest River. Further, the Landrys appealed the amount the trial court awarded for attorney's fees and requested additional attorney's fees for work done on this appeal.

We affirm the trial court's ruling on all assignments of error and deny the Landrys' request for additional attorney's fees. Affirmed.

**ASSIGNMENTS OF ERROR:**

1.     Did the trial court err in giving Forest River a credit for the Landrys' use of the camper?

2.     Did the trial court err in giving Forest River a credit for a settlement that the Landrys entered into with Stevens?

3.     Did the trial court err in failing to award nonpecuniary damages to the Landrys in their redhibition case against Forest River?

4.     Did the trial court err in its award of attorney's fees due the Landrys' attorney?

**ASSIGNMENT OF ERROR #1:**

2

The Landrys argue that the trial court erred in giving Forest River a credit for use when calculating the award in their redhibition action. The Landrys base their argument on the contentions that Forest River did not ask for a credit for use, nor did it introduce any evidence that it was entitled to a credit for use. We do not agree.

A trial court's finding regarding whether a defendant in a redhibition action is given a credit for use is entitled to deference and absent an abuse of discretion, that finding is upheld. *Thibodeaux v. Meaux's Auto Sales, Inc.*, 364 So.2d 1370 (La.App. 3 Cir. 1978). Therefore, we must look to the record to determine whether the trial court's finding is reasonable.

The trial court determined that Forest River was entitled to a credit for the Landrys' use of the camper in the amount of $2,100.00 based on their uninterrupted use of the camper over a 21 month period. Neither party argues that the amount given by the trial court was in error, so we will not review whether the amount of the credit was appropriate, rather we will only review if the trial court had a reasonable basis for giving any credit for use.

The Landrys correctly assert that Forest River must ask for a credit for use. However, the Landrys incorrectly assert that Forest River failed to do so. Forest River asked for a credit for use in paragraph 20 of its answer wherein it presented its fifth affirmative defense as follows, "Forest River affirmatively pleads, in the alternative, that a credit for use of the recreational vehicle be awarded to them in the event that fault, which is not herein admitted, is apportioned to them."

Given the clear request by Forest River for a credit for use, we find the contention of the Landrys, that it did not ask for a credit for use, without merit.

3

Next, the Landrys contend that the trial court was unreasonable to find that Forest River carried its burden of proof necessary to receive a credit for use. While it is true that Forest River did have the burden to prove it was entitled to a credit for use, it is also true that the testimony of Peggy Landry could reasonably be determined to carry that burden. Peggy Landry admitted in her testimony that the Landrys had no claim that there was anything wrong with the camper that kept them from using it from April 2002, when the brake problem was fixed, through December 2003, when they decided not to use the camper anymore due to problems later discovered to result from a welding defect.

This testimony, coupled with the appropriately raised affirmative defense, provides a reasonable basis for the trial court to find that Forest River was entitled to a credit for use. As such, we affirm the trial court's ruling that Forest River is entitled to a credit for the Landrys' use of the camper.

**ASSIGNMENT OF ERROR #2:**

The Landrys contend that the trial court erred in giving Forest River a credit for a settlement that the Landrys entered into with Stevens when no fault was assigned and no evidence regarding the settlement was presented at trial. We do not agree.

We note that no party challenged the accuracy regarding the amount of the credit for settlement. Because that issue is not before us, we will not review the accuracy of the amount given to Forest River as a credit for the Landrys' settlement with Stevens.

Louisiana Civil Code Article 2545, in pertinent part is as follows:

> A seller who knows that the thing he sells has a defect but omits to declare it. . . is liable to the buyer for the return of the price with

4

interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees.

Louisiana Civil Code Article 1803 provides in pertinent part, "[A] transaction or compromise between the obligee and one obligor, benefits the other solidarily obligors in the amount of the portion of that obligor." It is well established in Louisiana law that a redhibition claim is contractual in nature. It arises from a breach of a warranty of a thing sold by a seller. A court granting a purchaser a recision of a sale contract should attempt to return that purchaser, as closely as possible, to the condition he or she was in before the sale took place. *Scruggs v. Minton Equip. Co., Inc.*, 98-987 (La.App. 3 Cir. 12/9/98), 722 So.2d 130; *Champion v. Panel Era Mfg. Co.*, 410 So.2d 1230 (La.App. 3 Cir.), *writ denied*, 410 So.2d 389 (La.1982); *see also* La.Civ.Code art. 2055.

The Landrys argue that Forest River had a burden to prove that Stevens shared in any fault for the defective camper in order to get a credit for settlement. This is not the case.

The Landrys' argument first relies on the incorrect premise that Forest River has a burden to prove that it and Stevens are solidarily bound. This is incorrect. Manufacturers and seller are presumed to be solidarily bound. *Aucoin v. Southern Quality Homes*, 06-979 (La.Cir. 3 2/28/97), __ So.2d __; *LeGros v. ARC Services, Inc.*, 03-918 (La.App. 3 Cir. 2/25/04), 867 So.2d 63.

The Landrys then argue that because Forest River did not prove that it and Stevens were solidarily bound, they are instead joint tortfeasors. The Landrys go on to argue that as joint tortfeasors, Forest River must prove that Stevens shared fault in the defective camper in order to get a credit for the settlement between the Landrys

5

and Stevens. It is true that if Forest River and Stevens were joint tortfeasors, Forest River would bear the burden of proving that Stevens shared in fault in order to receive a reduction of judgment reflecting any settlement; however, we are dealing with a solidarily bound manufacturer and seller and any compromise or settlement entitles the remaining solidarily bound obligors to benefit from that settlement or compromise under La.Civ.Code art. 1803. Therefore, because Stevens and Forest River are solidarily bound, Forest River did not have to prove that Stevens shared in any fault for the defective camper in order to receive a credit for the settlement.

Next, the Landrys argue that the trial court considered settlement documents related to the Landrys' compromise with Stevens despite the fact that they were not introduced at trial. While this contention is true, it is also true that there is evidence in the record that clearly established that the settlement existed between the Landrys and Stevens, and, further, it is clear from the record that the final settlement documents did not exist prior to the trial in order to have been produced.

The trial court directly referenced the settlement between the Landrys and Stevens in its judgment. In its ruling the trial court stated, "The award of $24,573.12 is also subject to a setoff in the amount of any sums paid by Stevens to compensate the plaintiffs for any damages other than attorney fees." Clearly, the trial court knew about and intended to deduct from the Landrys' total award any settlement proceeds that they received from Stevens once the settlement documents could be produced.

Further, the record shows that the settlement documents between the Landrys and Stevens did not exist prior to the trial. When questioned as to the specifics of that settlement, counsel for the Landrys iterated that the settlement was not fully completed, but in counsel's mind, the Landrys and Stevens had reached a settlement.

6

In essence, counsel for the Landrys said that the settlement was agreed to in principle, but the money was yet to be received, and the final papers had not been signed.

It is clear from the record that Stevens and the Landrys had a meeting of the minds regarding the settlement and that Stevens was no longer part of the Landrys' claim. Given the timing of the settlement between the Landrys and Stevens that caused the settlement to exist, but not yet to be reduced to final writing, and given that the trial court clearly knew of that settlement and considered that fact in making its judgment, we find that no error was committed by the trial court in granting Forest River a credit for the settlement between the Landrys and Stevens. As such, we affirm the trial court's ruling that Forest River was entitled to a credit for settlement.

**ASSIGNMENT OF ERROR #3:**

The Landrys argue that the trial court erred in failing to award the Landrys nonpecuniary damages in their redhibition case against Forest River. We do not agree.

Louisiana Civil Code Article 1998 is as follows:

> Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation of the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.

> Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

It is well established in redhibition cases that when a plaintiff can show that a nonpecuniary purpose was a significant reason in making the purchase, then that plaintiff can recover for nonpecuniary damages. *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123 (La.1992). Absent an abuse of the discretion given to the trial court, an

7

appellate court should not disturb a denial of nonpecuniary damages to a plaintiff in a redhibition case. *Snoke v. M&M Dodge, Inc.*, 546 So.2d 936 (La.App. 3 Cir. 1989).

In the case before us, the Landrys both testified that the camper was purchased not as a home, but for their enjoyment as they loved to camp. The Landrys also testified that they experienced stress and tension as a couple and often argued about what to do regarding fixing the problems with the camper. Additionally, the Landrys, when addressing their claim for loss of use, both testified that they did not take some trips due to problems with the camper.

A plaintiff seeking nonpecuniary damages in a redhibition case has the burden to prove that those damages were suffered due to the failure of the contract. Here, the only evidence in the record that the Landrys actually suffered any mental anguish or loss of use was their own testimonies. Absent any other evidence, medical or otherwise, corroborating their self serving testimonies, we find nothing to persuade us to disturb the trial court's findings.

While the testimonies of the Landrys indicate that they may have had a nonpecuniary interest in acquiring the camper, it is within the trial court's discretion to accept or reject the testimony of the Landrys. As such, it was within the trial court's discretion to find either that the level of aggravation or annoyance experienced by the Landrys did not rise to the level of mental anguish or that the Landrys were not credible on this point.

Further, in regards to loss of use, while the testimonies of the Landrys indicate that they suffered some loss of use of the camper, there is also testimony that they used the camper on several trips for a period of time after the brake problems where fixed. Therefore, it was within the trial court's discretion to find that the Landrys did

not suffer much, if any, loss of use of the camper or that they failed to prove the extent, if any, of the damage from loss of use.

We find that trial court's determination was not an abuse of its discretion. This assignment of error lacks merit, and we affirm the trial court's denial of nonpecuniary damages to the Landrys.

**ASSIGNMENT OF ERROR #4:**

The Landrys contend that the trial court erred in its award of attorney's fees. We disagree.

The trial court is given great discretion when determining attorney's fees in the context of redhibition. An appellate court must look to the record and find an abuse of discretion before disturbing a trial court's award for attorney's fees. *Buteau v. Leleux*, 591 So.2d 1261, (La.App. 3 Cir. 1991). *See also Phillippee v. Browning Arms Co.*, 395 So.2d 310 (La.1980).

The Landrys argue that an exhibit they submitted with detailed hourly fees charged by their attorney should have been the amount assessed as attorney's fees in this case. They base this argument on two facts: (1) their attorney used an approved technique to configure his attorney's fees and (2) the exhibit was admitted without objection. This argument lacks merit.

The trial court awarded the Landrys $12,903.00 in attorney's fees although they asked for more. In its reasons for ruling, the trial court expressed several reservations regarding how much time the Landrys' counsel was billing for certain tasks performed. Further, the record indicated that the trial court conducted a thorough analysis as to why it awarded the amount it did to the Landrys for their attorney's fees by citing Rule 1.5(a) in the Rules of Professional Conduct. We find no abuse of

9

discretion by the trial court in its award and affirm the trial court's attorney's fees award to the Landrys.

Finally, the Landrys request attorney's fees for costs related to this appeal. This request is not warranted. The basis for awarding additional attorney's fees for work performed on appeal is that the litigant incurred additional expenses to protect rights or increase in number or amount awards established at the trial level. *Riche v. Krestview Mobile Homes, Inc.*, 375 So.2d 133, (La.App. 3 Cir. 1979).

Here, the Landrys are the only litigants expressing dissatisfaction with the findings of the trial court. Forest River has not challenged any relief afforded to the Landrys. Therefore, the Landrys have not had to protect any relief they were given at the trial level and are not entitled to additional attorney's fees on that basis.

The Landrys did ask for additional awards and an increase in some awards given to them on the trial level. We found those requests without merit. As such, because the Landrys have failed to show that they are entitled to an increase in any number or amount of award, the request by the Landrys for additional attorney's fees has no basis and is denied.

**CONCLUSION:**

The Landrys raised four assignments of error and requested additional attorney's fees for work done on appeal. We affirm the trial court on all assignments of error and deny the Landrys any additional attorney's fees. The costs of this appeal are assessed to the Landrys.

**AFFIRMED.**