HANS J. LILJEBERG, Judge.
|2This is the second appeal in the present proceedings. The facts and issues are discussed in full in our opinion on the first appeal. See Wells v. Wells, 12-315 (La.App. 5 Cir. 1/16/13), 109 So.3d 45. By this second appeal, Jesse Wells, Jr. attacks the trial court’s amended judgment reimbursing his former wife, Kim Wheat Wells, for one-half of the amount she paid on the mortgage while living in the marital residence after her separation from Mr. Wells. For the following reasons, we vacate the trial court’s amended judgment and reinstate the original judgment.

Procedural History

In the first appeal, we affirmed the trial court’s June 14, 2011 award reimbursing Ms. Wells a sum of $3,918.12, which the trial court determined was one-half the amount by which the mortgage payments she made on the marital |sresidence from March 16, 2007, to January 11, 2011, reduced the principal debt on the mortgage, plus interest. Thereafter, Ms. Wells, citing an error in calculation, moved to amend the judgment in the trial court pursuant to La. C.C.P. art. 1951. After a hearing on the motion, the trial court rendered an amended judgment awarding Ms. Wells $19,918.00 for reimbursement of one-half the amount she paid on the mortgage. Mr. Wells appeals the April 29, 2013 amended judgment.

Assignment ofEiror

On appeal, Mr. Wells asserts that the trial court erroneously amended its original judgment under La. C.C.P. art. 1951.

Discussion

The Louisiana Code of Civil Procedure provides three methods of seeking modification of a judgment in the trial court: a motion to amend judgment, a motion for a new trial, and an action for nullity of judgment. See La. C.C.P. arts. 1951, 1971, and 2001-2006 respectively. Terry v. Terry, 612 So.2d 808, 809 (La.App. 1st Cir.1992). La. C.C.P. art. 1951 provides that a final judgment may be amended by the trial court at any time on motion of the court or any party “to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation.” Id. The law is quite clear that a final judgment may not be amended to effect a substantive change. Scruggs v. .Minton Equip. Co., 98-987 (La.App. 3 Cir. 12/9/98), 722 So.2d 130, 132; Hebert v. Hebert, 351 So.2d 1199, 1200 (La.1977); Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246, rehearing denied. Even an amendment of a final judgment to conform to the trial court’s intent or reasons for judgment is not permitted where the amendment would make substantive changes to the original judgment. Rebco Marine, Inc. v. Homestead Ins. Co., 96- *909 1975 (La.App. 1 Cir. 12/29/97), 706 So.2d 508, 511; Scruggs, supra; Hebert, supra. The proper vehicle for a substantive 14change in a judgment is a timely motion for a new trial or a timely appeal. Rebco, supra; Scruggs, supra; Starnes, supra.
Mr. Wells asserts that the trial court’s amended judgment does not correct an error in calculation, but rather effects a substantive change to the original judgment. Accordingly, he argues that the trial court was without authority to amend the original judgment under La. C.C.P. art. 1951. We agree.
The trial court’s June 14, 2011 judgment awarded Ms. Wells $3,918.72, which the trial court calculated in the judgment as one-half the amount by which Ms. Wells’ mortgage payments reduced the principal debt.
The trial court’s April 29, 2013 amended judgment awarded Ms. Wells $19,918.00 or “half of the amounts that she paid out of her separate funds on the mortgage for the house that she jointly owns with her ex-husband.” Although the trial court stated in the judgment that the amendment was ordered solely to correct mathematical calculations in the June 14, 2011 judgment, we disagree.
A judgment may be amended under La. C.C.P. art. 1951 only where the amendment takes nothing from or adds nothing to the original judgment. Terry, supra, citing Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). When an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under La. C.C.P. art. 1951. Id.
The amendment to the June 14, 2011 judgment in the instant case is clearly substantive not only awarding Ms. Wells a larger sum than the original judgment, but also changing the manner by which relief was granted. See Terry v. Terry, 612 So.2d 808, 809 (La.App. 1st Cir.1992); Jones v. Gillen, 564 So.2d 1274, 1280 (La.App. 5th Cir.1990) (where the courts found that an amendment to a judgment that altered the amount of relief a party was entitled to receive was a substantive | change). Because we do not find that the amended judgment corrected an error of calculation, but substantively altered the original judgment, we find the trial court erred in amending the original judgment under La. C.C.P. art. 1951.
Further, because the substantive amendment was not made pursuant to the parties’ consent, a timely motion for a new trial, or appeal, the amended judgment is an absolute nullity and must be vacated. Starnes, supra at 1246. See also Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692, 696. Thus, the April 29, 2013 judgment is an absolute nullity.

Decree

For the reasons assigned, we vacate the April 29, 2013 amended judgment and order that the June 14, 2011 judgment be reinstated as the final judgment of the trial court in this matter.

AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED.