GARRETT, J.
In this community property partition case, the ex-husband appeals from a judgment which was amended by the trial court to increase the amount he owed his ex-wife by more than $11,000. He claims that the amendment was substantive and thus prohibited under La. C.C.P. art. 1951. We affirm the trial court's amended judgment.
FACTS
Pamela S. Smith and James H. Smith were married in 1993 and separated in August 2011. For most of the marriage, James served in the United States Air Force. On August 23, 2012, Pamela filed for divorce. In her petition, she requested a partition of the community property, pursuant to La. R.S. 9:2801. In a consent judgment signed September 20, 2012, the divorce was granted. The community was terminated retroactively to August 23, 2012. Joint custody of their two minor children was granted; Pamela was designated as the domiciliary parent and James was ordered to pay monthly child support of $500. Pamela was also granted exclusive use of the matrimonial domicile in Haughton. The judgment further provided that James would waive any interest or claim he had to any profit from the sale of the home, as well as any rental claim. Pamela waived any reimbursement claim she had for her payment of any encumbrances on the house.
At some point after the divorce was granted, James retired from the Air Force. He began receiving all of the military retirement benefits, despite the fact that a portion of the benefits clearly belonged to Pamela. As explained below, James continued to receive 100% of the retirement benefits for 39 months.
On March 31, 2014, Pamela filed a petition for judicial partition of community property because she and James were unable to reach an amicable community property partition and settlement of all claims arising from the matrimonial regime. In her detailed descriptive list ("DDL"), she listed only two things: as an asset, retirement and pension pay from the United States Armed Forces; and as a reimbursement claim, "47% of any and all retirement and pension payments" James had received since June 1, 2013.
*1122 On December 18, 2014, James filed a rather unintelligible and quite lengthy pleading.[1] He alleged that Pamela failed to list all community debts and assets and that she was attempting "piecemeal litigation" with the two items she did list. The lesion claim arose from the provision in the consent decree pertaining to the house and a subsequent quitclaim deed filed by Pamela in the Bossier Parish public records. James also alleged that he was reserving the right to assert a nullification action due to defects of form of the quitclaim deed. He further demanded an accounting from Pamela for all assets under her control. In the event Pamela was successful in obtaining a percentage of his military pension, James demanded recalculation of child support. James also included his initial DDL of community property.[2] The trial court ordered Pamela to answer James's request for discovery associated with his demand for accounting. James did not request that a hearing be set on the exception he filed.
At Pamela's request, the exception was set for hearing on April 20, 2015. She also filed her own amended DDL, her traversal of James's initial DDL, and a memorandum in opposition to his pleading of December 18, 2014. In her traversal, she again claimed her entitlement to her share of the military retirement benefits and the payments being received by James. The exception was submitted on briefs. On May 4, 2015, the trial court issued a written opinion/order. It found that Pamela's filing of the traversal rendered the exception moot. It also set deadlines for discovery. Subsequent mediation was unsuccessful, and Pamela requested that the matter be set for trial.
The parties subsequently entered into an interim order, which was signed in open court on April 21, 2016, that directed that Pamela would receive 47% of James's military retirement benefits immediately upon the Military Retired Pay Division Order being executed and accepted by the Defense Finance and Accounting Services ("DFAS"). Her claim for her portion of the retirement benefits received by James from August 1, 2013, through her first payment from DFAS was expressly reserved to be determined at trial after assessing other assets and reimbursement claims that James might have. If James was found to owe Pamela any retroactive retirement pay, the amount would be based on his after-tax pay. The order further decreed that Pamela would not be entitled to any of James's funds which *1123 were determined to be combat-related disability. The trial was set for October 31, 2016.
The Military Retired Pay Division Order was also signed in open court on April 21, 2016. It stated that Pamela was married to James for 6901 of the 7318 days he served in the Air Force, a period in excess of ten continuous years and representing 94.3% of the total time in duty. It then awarded her 47% of James's disposable military retirement pay, effective August 1, 2013. The trial court accepted James's stipulation and agreement that DFAS make direct payments to Pamela.
On October 25, 2016, Pamela filed a pretrial memorandum with a unified DDL. She asserted that James owed her an equalization payment of $8,100 and reimbursements of $31,919.16, for a total money judgment of $40,019.16. She also stated that the Military Division Order had been accepted by DFAS and that she was to begin receiving her portion of the military retirement on November 1, 2016.
Trial was finally held on October 31, 2016. Despite notice, neither James nor his attorney was present. Only Pamela testified. She informed the trial court that James began receiving all of the military retirement benefits in August 2013. Pursuant to the interim order, she had just been advised that on November 1, 2016, she would begin receiving a monthly check of $579.51 for her portion of the retirement benefits. Based upon her testimony, the court held that, from August 1, 2013, to October 31, 2016, Pamela was entitled to the amount of $579.51 times 39 months. Other assets and liabilities were allocated. The record is abundantly clear that Pamela had to satisfy most of the community debts, whereas James had been in complete control of the retirement benefits and other community assets. He also had taken bankruptcy. The focus of the trial was the amount of the equalizing sum that James would be ordered to pay Pamela pursuant to La. R.S. 9:2801(A)(4)(d). On November 10, 2016, the trial court signed a judgment partitioning the community property. The judgment ordered James to pay Pamela a total of $31,676.04.
On November 15, 2016, Pamela filed a motion to amend the judgment. She alleged that, immediately after filing of the judgment, she discovered a mathematical error in the judgment resulting in the monetary amount owed to her listed in the judgment being deficient by more than $11,000.00. Pursuant to La. C.C.P. art. 1951, she requested that the judgment be amended.
A hearing on the motion was held on March 6, 2017. James's counsel appeared at this hearing. At the conclusion of arguments, the trial court granted the motion. It held that there was a miscalculation and that this was exactly the sort of situation that La. C.C.P. art. 1951 was intended to correct. It further found that the amount of the change alone did not make the change substantive. The amended judgment was signed and filed that same day. It increased the amount James owed Pamela from $31,676.04 to $42,945.64, a difference of $11,269.60.
James appealed. He requests that this court declare the amended judgment an absolute nullity and reinstate the original judgment.
LAW
La. C.C.P. Art. 1951 states:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party *1124 submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.
The kind of amendment allowed by La. C.C.P. art. 1951 is one that "takes nothing from or adds nothing to the original judgment." Villaume v. Villaume , 363 So.2d 448 (La.1978) ; Crawford v. Crawford , 49,059 (La. App. 2 Cir. 5/14/14), 139 So.3d 1113. When an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under La. C.C.P. art. 1951. Wells v. Wells , 14-198 (La. App. 5 Cir. 9/24/14), 150 So.3d 907.
When an error of substance exists in a final judgment, that error may be corrected by way of a timely motion for new trial or by appeal. LaBove v. Theriot , 597 So.2d 1007 (La.1992) ; Villaume v. Villaume, supra ; Hebert v. Hebert , 351 So.2d 1199 (La.1977) ; Stevenson v. State Farm , 624 So.2d 28 (La. App. 2 Cir.1993). A third method of effecting a substantive change in a final judgment is by consent of the parties. LaBove v. Theriot, supra ; Villaume v. Villaume, supra ; Rodgers v. Rodgers , 26,093 (La. App. 2 Cir. 9/21/94), 643 So.2d 764 ; Rebco Marine, Inc. v. Homestead Ins. Co. , 96-1975 (La. App. 1 Cir. 12/29/97), 706 So.2d 508.
The amended judgment containing substantive amendments to the original judgment is an absolute nullity. LaBove v. Theriot, supra ; Rodgers v. Rodgers, supra.
DISCUSSION
Throughout the protracted proceedings, the most important and highly contested issue was Pamela's entitlement to her portion of James's military pension. In fact, one of the primary issues to be resolved at trial was the amount James owed Pamela from the military retirement benefits paid solely to him for a period of more than three years. There was never any serious question that, under the community property law of this state, Pamela was entitled to a portion of James's military retirement benefits. It was also obvious that James would be ordered to pay Pamela for the portion of the retirement benefits to which she was entitled from August 2013 through October 2016; the only question was the amount. We note James's actions to try to frustrate or deny Pamela her entitlement to these benefits. These included his filing of dilatory pleadings and then his failure to even show up for trial.
Under the unique facts of the instant case, we find that the amended judgment "took nothing from or added nothing to the original judgment." Review of the original judgment shows that it included the portion of the military pension payments that were improperly received by James and owed to Pamela. However, its inadvertent inclusion in the assets held by James resulted in an error in the mathematical calculation of the amount owed to Pamela. She was clearly owed the amount that had been improperly received by James over the 39-month period. As noted by the trial court, this is precisely the sort of situation which La. C.C.P. art. 1951 was intended to cover.[3] We find no error in this ruling.
*1125 Consequently, we affirm the trial court's amended judgment.
CONCLUSION
The trial court's amended judgment is affirmed. Costs of this appeal are assessed against the appellant, James H. Smith.
AFFIRMED.

The pleading was captioned:
ANSWER TO PETITION FOR PARTITION AND DDL OF PAMELA SMITH WITH DDL OF JAMES H. SMITH; EXCEPTION OF NO CAUSE/RIGHT OF ACTION AS TO "PIECEMEAL PARTITION FOR COMMUNITY PARTITION" ASSERTED BY PAMELA; ASSERTION OF LESION ACTION ASSERTED WITHIN DDL OF JAMES SMITH, SUBJECT TO EXTERNAL DEMAND/SUPPLEMENTATION; DEMAND FOR ACCOUNTING BY PAMELA SMITH PER CC 2369 and [sic] DISCOVERY RELATED TO SUCH DEMAND; PETITION FOR CHILD SUPPORT RE-CALCULATION SHOULD MR. SMITH'S INCOME BE REDUCED BY ANY AMOUNT OF ALLOCATION OF HIS MILITARY RETIREMENT TO PETITIONER, AND, ON ALL OTHER GROUNDS ALLOWED BY LAW AT SUCH TIME.

In James's initial DDL, the first item listed was his military retirement. In the "Amount at Issue" column, it stated: "-Reimbursement if any to Pamela, after full partition,-% of Pamela after full partition to be determined." In the "Basis of Claim" column, it stated: "-Bankruptcy of James vs. any reimbursement,-any fed [sic] provision re retro spousal entitlement to retirement of service member prior to demand for same." In the "Other Comment" column, it stated: "-arrearage claimed bay [sic] be extinguished by federal law, and/or, by reimbursements claims by James exceeding such alleged reimbursement if adjudicated."

We distinguish the instant case from other scenarios which clearly involved prohibited substantive changes: Hebert v. Hebert, supra (original judgment ordering $65 per week child support was amended to provide that the father pay the $65 as $50 cash and $15 per week on the mortgage, for which he would be given credit for payment on community property, thus changing the method and the legal effect of the payment; the supreme court reinstated the original judgment); Wells v. Wells, supra (appellate court vacated amended judgment which changed amount awarded to wife from one-half the amount by which her mortgage payments after the separation reduced the principal debt on the mortgage to one-half the amount she paid on the mortgage from her separate funds); Crawford v. Crawford, supra (trial court refused to correct a partition judgment to change classification of truck as wife's separate property when husband claimed it was community property, wife listed it as husband's separate property, hearing officer mistakenly stated it was wife's separate property, and trial court accepted wife's classification but rendered judgment according to hearing officer's recommendation; appellate court affirmed); Rodgers v. Rodgers, supra (appellate court vacated amended judgment that expanded the original child visitation award); Terry v. Terry , 612 So.2d 808 (La. App. 1 Cir. 1992) (trial court amended partition suit judgment to add an equalization payment to the wife which was not included in the first judgment).
The instant case is more akin to Marsh Advantage Am. v. Orleans Par. Sch. Bd. , 2008-0004 (La. App. 4 Cir. 10/8/08), 995 So.2d 53,writ denied , 2008-2635 (La. 1/16/09), 998 So.2d 103 (appellate court amended judgment to correct clerical error in calculation under La. C.C.P. art. 1951"which could have been corrected if brought to the attention of the court below"); and Saacks v. Mohawk Carpet Corp. , 2003-0386 (La. App. 4 Cir. 8/20/03), 855 So.2d 359, writ denied , 2003-2632 (La. 12/12/03), 860 So.2d 1158 (calculation of amount of salary to which plaintiff was entitled was properly corrected in the amended judgment).