JiGOTHARD, Judge.
Defendant, Lovie aka Louis Moran, appeals an amended judgment of the Juvenile Court refusing to modify a previous order of child support and dismissing the proceedings with prejudice.
This matter originated with a petition for child support pursuant to LSA-R.S. 46:236.-1(F) filed by the State of Louisiana, Department of Social Services on September 6, 1990. The petition alleged that defendant’s former wife, Sharon Moran, and her two minor children were receiving assistance under the Aid to Families with Dependent Children. After several delays a hearing on the matter was held on April 5, 1991 before a Hearing Officer in accordance with Juvenile Procedure. The Hearing Officer recommended to the court that support be set at $766.00 per month. That Family Support Order Recommendation also states that: “Recipient states there is still money owed from when support was made retroactive through 24th Judicial (sic) Defendant’s attorney wishes to verify this and will contact IVD office within one week.” Both parties signed in agreement with |2the recommendation, and the recommendation was made the order of the Juvenile Court the same day.
On August 20, 1991, Mr. Moran filed a motion to have the support judgment reduced due to his disability. On September 18, 1991, the Department of Social Services and Mrs. Moran (now Ms. Stephens), filed a motion to have the child support increased. A hearing on both motions was set for October 7, 1991. On September 30, 1991 Mr. Moran filed a Motion to Transfer or Alternatively for Continuance arguing that there were, pending between the parties, various rules and a Motion for Sanctions in the Twenty-Fourth Judicial District Court which were scheduled for hearing on October 24, 1991. As a result of that motion, the hearing in Juvenile Court was reset for December 6, 1991. On that date the matter was taken up before the Hearing Officer. The Hearing Officer recommended that support be neither increased nor decreased as the matter had been litigated in the Twenty-Fourth Judicial District Court and support was set at $776.00 per month. The parties disagreed with that recommendation and requested a hearing in Juvenile Court. The matter was set for February 3, 1991.
The proceedings were continued on many occasions and were finally set for hearing on January 11, 1993. During the two years this matter was pending in the trial court, Mr. Moran did not pay the child support as ordered and the State filed several rules for contempt and to set arrearage. When Ms. Stephens did not appear on January 11,1993, the court dismissed the State’s rule to increase child support, continued other matters, set the arrearage at $8069.00 and ordered Mr. Moran to make “consistent payments”.
A new motion to modify support was filed by the State on February 4, 1993 seeking an increase. On February 10, 1993 the State filed a Rule for Contempt and to Make Ar-rearages Executory alleging that Mr. Moran was now in arrears in the amount of $8,455.00. Continuances again prevented the matter from being heard.
|2On June 10, 1993, Mr. Moran filed an exception of res judicata to the rule to increase and the rule for contempt, arguing that the previous dismissal of the rule to increase was with prejudice. Attached to the *266 memorandum in support of that motion is a judgment of the Twenty-Fourth Judicial District Court dated August 18, 1990 setting, inter alia, custody, visitation and child support.
The matter was heard on June 14, 1993. After hearing all of the evidence, the Juvenile Court Judge stated:
The court finds as a matter of fact that neither party in this courts (sic) opinion has an ounce of credibility. I find it to be inconceivable that Ms. Stephens (sic) parents would be willing to pay all of the expenses that have been testified to by Ms. Stephens and yet as landlord would raise her rent. This court feels that the rent was raised in an attempt to fabricate an increase in circumstances in order to obtain standing within this court to modify a judgment. This court recognizes and does not dispute Mr. Morans (sic) injury but the court further feels that if Mr. Moran can borrow money to pay other judgments he can borrow what is needed to pay his child support; from his present wife, a trust fund or whatever.
This court strongly feels that the court is being abused as a forum and that the use of this court is blatant forum shopping. This court is neither going to increase or decrease the support amount.
It is the opinion of the court that any future modifications of the child support orders between these parties should take place in the 24th JDC, as well as any contempt proceedings.
Based on these reasons, the court is dismissing these proceeding (sic) in juvenile court.
Court dismisses this case as to juvenile court, with prejudice.
The ruling of the court was reduced to a written judgment dated August 3, 1993. That judgment ordered that “all rules filed by both parties are dismissed with prejudice”, and that “any future modification of the order in this case should be made in 24th Judicial District Court for Jefferson Parish, and the Court hereby transfers jurisdiction to that Court”. On August 27,1993 the court amended the judgment to state that the “court [4dismissed this case as to juvenile court, without prejudice”. It is from that amended judgment that Mr. Moran brings this appeal.
In brief to this court Mr. Moran assigns four errors:
1. The Juvenile Court Judge’s attempt to limit her judgment to future Juvenile Court proceedings after a full trial on the merits, especially under the circumstances of this case, was clear error.
2. It was improper for the Juvenile Court Judge to attempt to limit the judgment, rendered after a trial on the merits when the forum was selected by a plaintiff aggrieved by a decision of another court on the same issue, especially if it allows the plaintiff a new opportunity to seek the same relief in the first court.
3. It is contrary to principles of equity and fairness to insulate the judgment rendered in this case and under these circumstances from res judicata effect.
4. Mr. Moran’s changes in circumstances entitled him to a reduction or temporary suspension in child support.
We note at the outset that the amended judgment is invalid. LSA-Ch.C. art. 104(2) provides that the Code of Civil Procedure is applicable in all matters where procedures are not provided in the Children’s Code. LSA-C.C.P. art. 1951 provides in pertinent part: “A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance”. The amendment of a judgment from one “with prejudice” to one “without prejudice” is clearly a change in the substance of the judgment. Further, LSA-Ch.C. art. 313 provides in pertinent part: “A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding authorized by this Code upon: (1) Declination of jurisdiction. (2) Transfer of the proceeding”. Therefore, the Juvenile Court was without jurisdiction and authority to amend the judgment. For these reasons we vacate the amended judgment of August 27, 1993 and reinstate the judgment of August 3, 1993. See, Schexnayder v. Schexnayder, 503 *267 So.2d 104 (La.App. 5th Cir.1987), writ denied, 506 So.2d 1228 (La.1987).
I sin addressing Mr. Moran’s assignments of error we note that Mr. Moran’s arguments on the first three concern the effect of the judgment on further proceedings in the Twenty-Fourth Judicial District Court. Any discussion of that issue is beyond the scope of this appeal. Our review is limited to the correctness of the judgment from which the appeal is taken. In this case, that is the amended judgment of the Juvenile Court dated August 27, 1998. We cannot comment on the likelihood of success of any future exceptions of res judicata filed in the Twenty-Fourth Judicial Court by either party. Nor can we review any actions taken in that court within the confines of this appeal of a Juvenile Court judgment. Given the posture of this appeal, we can only vacate the amended judgment of August 27, 1993.
Mr. Moran’s last assignment of error goes to the merits of the initial judgment of August 3, 1993. Since no appeal was taken from that judgment it is now final and cannot be considered herein.
For the foregoing reasons the amended judgment of August 27, 1993 is vacated.
JUDGMENT VACATED.