LOLLEY, J.
 

 I,Leola Harrison, Will Henry Rogers, and USAgencies Casualty Insurance Company (“USAgencies”) appeal a judgment by the Sixth Judicial District Court for the Parish of Madison, which dismissed all claims against Imperial Fire & Casualty Insurance Company (“Imperial”) in litigation over coverage of damages from an automobile collision. The judgment was entered in response to Imperial’s motion for summary judgment. For the following
 
 *1117
 
 reasons, we dismiss this appeal as untimely.
 

 Facts
 

 On November 19, 2005, Rogers was driving a 2000 Buick Regency (“Buick”) in the right lane of North Cedar Street in Tallu-lah, Louisiana. This vehicle was owned by Rogers’ step-daughter, Tiffany Curry, and Harrison was a passenger in the vehicle. Simultaneously, Leonard Street was driving his vehicle in the left lane of North Cedar Street. When Rogers attempted to change lanes, the vehicles collided. The impact caused Rogers to then hit a telephone pole. Rogers and Harrison were taken to Madison Parish Hospital after the accident. Harrison claimed she had suffered both medical injuries and economic loss as a result of the accident.
 

 Harrison sued Rogers, Street, USAgen-cies, State Farm Mutual Automobile Insurance Company (“State Farm”), and Imperial. USAgencies insured Curry and her vehicle-the Buick that Rogers was driving when he was involved in the accident. State Farm insured Street and his vehicle, which Street was driving when he was involved in the accident. Imperial insured Rogers and the vehicle he owned (“Alero”), which was not in use at the time of the accident. Imperial, among other parties, moved for summary | ¿judgment. The trial court granted Imperial’s motion for summary judgment on January 20, 2009, dismissing all claims against Imperial after a determination that Rogers’ policy with Imperial did not cover his use of Curry’s Buick. This appeal ensued.
 

 Discussion
 

 A judgment dismissing a party from a lawsuit is governed by La. C.C.P. art. 1915(A) and is immediately appealable in the absence of a determination and designation that the judgment is appealable.
 
 See, e.g., Ricks v. Butler,
 
 2006-0847 (La.App. 4th Cir.11/08/06), 945 So.2d 136;
 
 Posey v. Singletary,
 
 37,425 (La.App.2d Cir.09/24/03), 855 So.2d 853. For a devolu-tive appeal, the time period for filing a notice of appeal is the delay for applying for a new trial under La. C.C.P. art. 1974 (seven days), plus 60 days from the date of the judgment. La. C.C.P. art. 2087. These appeal delays are jurisdictional in nature and not subject to interruption. Therefore, if an appellant fails to timely file a devolutive appeal and thus causes a jurisdictional defect, neither the court of appeal, nor any other court has the authority to reverse, revise, or modify that final judgment.
 
 Baton Rouge Bank & Trust Co. v. Coleman,
 
 582 So.2d 191 (La.1991).
 

 In the case
 
 sub judice,
 
 the trial court clerk mailed notice of the judgment to all parties on February 10, 2009. In March, Harrison’s counsel went to the clerk of court’s office at the district court and brought a motion and order for devol-utive appeal, among other filings. However, Harrison’s counsel, believing the judgment was not final at that time and, therefore, not appealable, requested the clerk
 
 not
 
 file the motion and order to appeal. |» Although the judgment was final at this stage and a filing at this point would have been timely, no such motion was actually filed. In April, Harrison’s counsel submitted an amended judgment to the trial court which added a certification that the judgment was appealable, under the mistaken belief that this was necessary in order to appeal the judgment. It was not until November 2009 that the trial court signed the amended judgment again dismissing the plaintiffs lawsuit against Imperial. Notice of the amended judgment was mailed to all parties in November 2009. Harrison, Rogers, and USAgencies all subsequently filed motions for devolutive appeal from this amended November judgment, well after the time period for filing a devolutive ap
 
 *1118
 
 peal had lapsed. The judgment in this case was not a partial judgment-the judgment dismissed all claims against Imperial-and, thus, La. C.C.P. art. 1915(B) requiring a designation as a final judgment does not apply. Therefore, the motion to certify was unnecessary and did not suspend appeal delays. Accordingly, Harrison’s motion for appeal filed in November was untimely, leaving this court without jurisdiction to consider the appeal.
 

 Conclusion
 

 For the foregoing reasons, the appeal is dismissed, and all costs of this appeal are assessed to Leola Harrison, Will Henry Rogers, and USAgencies Casualty Insurance Company.
 

 APPEAL DISMISSED.