DREW, J.
11 Danny and Angie Allums seek relief from the preliminary injunction enjoining an arbitration proceeding instituted by them against Luis P. Wilson.
We affirm and remand.
FACTS
Danny and Angie Allums entered into a contract with Luis P. Wilson d/b/a Wilson Construction Company to build a log home for them in Benton, Louisiana. The total cost of the project was $226,000. The contract provided that, “All claims and disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration^]”
In 2002, a supplier on the project, Ivey Lumber, filed suit in Bossier Parish against Wilson and the Allumses after they failed to pay Ivey Lumber. The Allumses filed an answer and a cross-claim against Wilson on September 3, 2002, without reserving any rights as to arbitration.
On October 3, 2002, Wilson’s attorney, Mark Odom, wrote to Billy Pesnell, the Allumses’ attorney, about setting up a meeting with all the parties to discuss the case issues. In this letter, Odom referred to the arbitration clause in the contract.
On November 18, 2002, the court signed a judgment granting summary judgment in favor of Ivey Lumber. At the end of the following month, Ivey Lumber signed a release of a materialman’s lien and a notice of Us pendens that it had filed in the Bossier Parish mortgage records.
1 ¡.Pesnell wrote to Odom on March 10, 2005, that the Allumses had incurred out-of-pocket expenses because of Wilson’s failure to complete the home to specifications. The Allumses alleged that additional work remained in order to finish the house, and they estimated that it would cost over $59,000 to bring the home to the agreed-upon specifications. Pesnell wrote that unless that amount was received within 10 days, the Allumses would file a demand for arbitration against Wilson.
On December 8, 2006, Odom wrote to Pesnell that since the March 10, 2005, letter acknowledged that arbitration was the means for resolving the dispute, he was going to move to dismiss the cross-claim for abandonment. He also wrote that what claims remained were exclusively covered under the New Home Warranty Act.
On December 11, 2006, Wilson filed an ex parte motion to dismiss for abandonment, asserting that the original demand had been settled and dismissed. The trial court granted the motion and dismissed the Allumses’ cross-claim with prejudice on December 11, 2006. The Allumses were served with notice of the order through Pesnell on December 15, 2006. This dismissal was not appealed.
On January 12, 2007, Odom wrote to Pesnell to acknowledge receipt of a settlement proposal in a January 9, 2007 letter. He wrote that Wilson’s limited income made unacceptable the proposal that he surrender his motorcycle in settlement. Odom wrote that they were not interested in surrendering the motorcycle to resolve a case that they believed was defensible. He suggested that the only way to proceed was for the Allumses |sto pursue their claim through arbitration, although he thought the passage of time and the filing of the cross-claim could be a waiver of their right to seek arbitration and it was now too late for them to file an arbitration claim.
On March 30, 2010, the Allumses submitted a demand for arbitration against Wilson. The matter would be administered under fast track procedures.
*911 On April 28, 2010, Wilson filed a petition for injunctive relief against the Allumses. He asserted that because the cross-claim was dismissed with prejudice, it was res judicata as to the claims raised by the Allumses in arbitration. He additionally asserted that the Allumses had waived any right to arbitration by filing the cross-claim. Wilson argued in the alternative that if res judicata did not apply, then the claims were barred by prescription and/or peremption under the New Home Warranty Act. Wilson concluded by contending that injunctive relief was necessary to prevent irreparable harm. Wilson prayed that the temporary injunction be made permanent.
The Allumses filed exceptions of lack of subject matter jurisdiction and no cause of action. They asserted that the court no longer had subject matter jurisdiction once they initiated arbitration proceedings. They also asserted that Wilson had no cause of action because the contract expressly required that contractual claims and controversies be settled by arbitration, and that Wilson did not allege any facts showing or tending to show any irreparable injury.
|/The trial court granted the preliminary injunction. It did not rule on the exceptions, but ruled that all other pending matters would be set for further argument and consideration on a later date.
The Allumses filed a motion for new trial and/or rehearing, as well as a motion to dissolve the preliminary injunction. The trial court subsequently denied the motions, as well as the earlier exceptions.
The Allumses applied to this court for a supervisory writ, which was remanded for perfection as an appeal. A rehearing of this order was denied.
DISCUSSION
The Allumses argue on appeal that the trial court lacked subject matter jurisdiction to enjoin the pending arbitration proceeding. The Allumses further argue that their exception of no cause of action should have been granted because their claim was to be decided by arbitration, and because Wilson had not alleged any facts showing that he would suffer irreparable injury by participating in arbitration. Lastly, the Allumses attack the issuance of injunctive relief because Wilson failed to show irreparable injury and that he would have a substantial probability of success on the merits with his asserted defense of res judicata, and because the trial court did not require the posting of security.

Exception of Lack of Subject Matter Jurisdiction

The Allumses contend that the trial court lacked subject matter jurisdiction to enjoin the arbitration. Wilson contended in his petition for an injunction that the judgment of dismissal was res judicata to the claim for arbitration, and that the Al-lumses had waived their right to arbitration when | sthey filed the cross-claim. The trial court apparently used the res judica-ta theory as its basis to grant the preliminary injunction.
The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement. La. R.S. 9:4203(A).
Even when a lawsuit seeks to enjoin arbitration rather than compel it, the court’s inquiry under La. R.S. 9:4203 is the same. Willis-Knighton Medical Center v. Southern Builders, Inc., 392 So.2d 505 (La.App. 2d Cir.1980).
A court’s inquiry under La. R.S. 9:4203 is as follows:
*912 R.S. 9:4203 requires a Louisiana court, at the request of an aggrieved party, to order the parties to arbitration in accordance with the terms of their arbitration agreement after the court finds (a) that an arbitration agreement was made and (b) that the opponent failed or refused to comply. These are the only triable issues in a suit to enforce an arbitration agreement.
Standard Co. of New Orleans, Inc. v. Elliott Const. Co., Inc., 363 So.2d 671, 677 (La.1978).
The question regarding whether a party waived its right to arbitrate under the terms of a contract is an issue of procedural arbitrability that should not be decided by the courts, but rather by the arbitrator. Conagra Poultry Co. v. Collingsworth, 30, 155 (La.App.2d Cir.1/21/98), 705 So.2d 1280.
In Standard Company, supra, the supreme court recognized the downside of a court deciding the waiver issue:
jfiBy extending judicial inquiry beyond the validity of the contract containing the arbitration agreement to pre-arbi-tration inquiry of issues of waiver of an arbitration agreement in a valid contract, the court would undercut the benefits of arbitration, which is favored by Louisiana public policy.
Id., 363 So.2d at 674.
Nonetheless, the supreme court went on to resolve the issue of waiver in that ease while recognizing that its action was inconsistent with its statement that waiver should be decided by the arbitrator:
The court is aware that, in one opinion, it holds that (1) waiver of arbitration is an arbitrable issue not to be litigated prior to arbitration; and (2) the State’s contention that the contractor has waived his right to require arbitration is without support in this record. Four reasons suggest the advisability, if not the consistency, of this action. (1) The Court of Appeal found a waiver. (2) The record is before us. (3) Further unnecessary delay while waiver is thrashed out by the arbitrator is avoided. (4) Finally, further review of the question of waiver in this case in the judicial system is obviated.
Id., 363 So.2d at 676-7.
In International River Center v. Johns-Manville Sales Corp., 2002-3060 (La.12/3/03), 861 So.2d 139, the supreme court apparently closed the door to courts deciding, without consent of the parties, whether the right to arbitration has been waived. Therefore, whether the Allumses waived their right to arbitration is an issue that cannot be resolved by this court.
The issue then becomes whether res judicata is an issue of “procedural arbitrability” like waiver and prematurity.[1] This issue has not been addressed by Louisiana courts.
|7In Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-85, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002), the Supreme Court shed some light on what constitutes procedural arbitrability:
Linguistically speaking, one might call any potentially dispositive gateway question a “question of arbitrability,” for its answer will determine whether the underlying controversy will proceed to arbitration on the merits. The Court’s case law, however, makes clear that, for purposes of applying the interpretive rule, the phrase “question of arbitrability” has a far more limited scope. The Court has found the phrase applicable in *913 the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate.
Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a “question of arbitrability” for a court to decide. Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court.
At the same time the Court has found the phrase “question of arbitrability” not applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus “ ‘procedural’ questions which grow out of the dispute and bear on its final disposition” are presumptively not for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide “allegation^] of waiver, delay, or a like defense to arbitrability.” Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to “incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act],” states that an “arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled.” And the comments add that “in the absence of an agreement to the contrary, issues of substantive arbitrability ... are for a court to decide and issues of procedural arbitrability, ie., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.”
Citations omitted.
|SA search of cases across the nation reveals different answers to the question of whether res judicata is an issue of procedural arbitrability. For example of an affirmative answer, see Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir.2004).
Other courts have reached a different result. In John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132 (3rd Cir.l998),'it was held that under the Federal Arbitration Act, a district court has the authority to enjoin arbitration on grounds of res judicata based on a prior judgment. See also Miller Brewing Co. v. Fort Worth Distributing Co., Inc., 781 F.2d 494 (5th Cir.1986).
The trial court was in a better position than an arbitrator to decide whether the earlier judgment, issued by another 26th JDC judge, had res judicata effect. Under the circumstances of this ease, we conclude that the trial court had subject matter jurisdiction to determine whether res judicata was a ground upon which to grant the preliminary injunction. The exception of lack of subject matter jurisdiction was properly denied.

Res Judicata

Under La. R.S. 13:4231, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of lathe first litigation. Burguieres v. Pol *914 lingue, 2002-1385 (La.2/25/03), 843 So.2d 1049.
The doctrine of res judicata is stricti juris, and any doubt concerning application of res judicata must be resolved against its application. Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210.
In their cross-claim, the Allumses alleged that despite Wilson’s assurances to the contrary, the contract was inadequate and incomplete as it did not cover all of the items or components necessary to complete the log house. The Allumses further alleged that although Wilson had substantially completed the home, which took much longer than expected, he should be ordered to make corrections and/or adjust the contract because he had failed to install various items, several items that were installed needed to be repaired, they were charged for an upgrade to a countertop that was supposed to be done at no extra cost, and Wilson failed to build a staircase with logs.
Regarding the nature of the dispute, the Allumses wrote in their demand' for arbitration that Wilson failed to complete construction in the time agreed upon, failed to complete construction in accordance with the plans and specifications, failed to pay Ivey Lumber for materials used in the construction which resulted in a lien and a lawsuit, failed to pay other suppliers and subcontractors for work done on the project and/or failed to give the Allumses proper credit for materials supplied and/or paid for by them, and failed to complete construction for the agreed price.
| mThe Allumses contend that the judgment of dismissal cannot have res judicata effect because it should have been without prejudice. They also point out that La. C.C.P. art. 561(A)(3) provides, “This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
A trial court is without authority to dismiss an action with prejudice for failure to prosecute. Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir.3/5/03), 839 So.2d 955.
However, dismissals for abandonment with prejudice have been recognized. See Pontchartrain Materials Corp. v. Quick Recovery Coatings Services, Inc., 2010-1476 (La.App.4th Cir.5/6/11), 68 So.3d 1113, writ denied, 2011-1104 (La.9/16/11), 69 So.3d 1143.
For whatever reason, the judgment of dismissal for abandonment was rendered with prejudice. The Allumses subsequently took no action to set aside the judgment or to seek review of it. They cannot now benefit from their own inaction. Accordingly, we recognize the judgment as having res judicata effect.

Exception of No Cause of Action

A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Birdsong v. Hirsch Memorial Coliseum, 42,316 (La.App.2d Cir.8/22/07), 963 So.2d 1095. The exception is triable on the face of the petition, and the |n facts pled are to be accepted as true. Industrial Companies, Inc. v. Durbin, 2002-665 (La.1/28/03), 837 So.2d 1207. In reviewing a trial court’s ruling sustaining an exception of no cause of action, this court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the. sufficiency of the petition. Cleco Corp. v. Johnson, 2001-0175 (La.9/18/01), 795 So.2d 302.
*915 La. C.C.P. art. 3601(A) provides that in general, an injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant.
Certainly the law provides a remedy for a party to enjoin a. pending arbitration when the basis of the arbitration is already the subject of a final judgment. The arbitration clause in the contract states only that “[a]ll claims and disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration!)]” It does not state that all defenses to arbitration shall be decided by arbitration.
Furthermore, Wilson would suffer irreparable injury by having to undergo the unnecessary expense of defending himself against the same claim for the second time. He alleged in his petition that arbitration subjects him to the cost and inconvenience of a defense and concomitant exposure to judgment. Although Wilson agreed to arbitration in the construction contract, he obviously did not agree to arbitration following the end of litigation.
The Allumses cite Collins v. Prudential Ins. Co. of America, 1999-1423 (La.1/19/00), 752 So.2d 825, for the proposition that forcing a |12party to submit to arbitration is not an irreparable injury. However, that case can be readily distinguished as it dealt with the definition of irreparable injury in the context of La. C.C.P. art. 2083. The plaintiff in that case was not seeking injunctive relief. Rather, the plaintiff had filed a suit for defamation, libel, and intentional infliction of emotional distress, and the defendants had responded by filing a joint motion to compel arbitration. The trial court ordered arbitration, and the issue became whether that order was subject to an immediate appeal.
The trial court properly denied the exception of no cause of action.

Preliminary Injunction

In order to obtain a preliminary injunction, a plaintiff must show that he will suffer irreparable harm if the injunction is not granted, that he is entitled to the relief sought, and he must make a prima facie showing that he will prevail on the merits. Louisiana Granite Yard, Inc. v. LA Granite Countertops, L.L.C., 45,482 (La.App.2d Cir.8/18/10), 47 So.3d 573, writ denied, 2010-2354 (La.12/10/10), 51 So.3d 733. In contrast, the issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence. Id. Thus, because an applicant for a preliminary injunction need make only a pri-ma facie showing, less proof is required than in an ordinary proceeding for a permanent injunction. Id.
Wilson has already shown that he will suffer irreparable harm if the injunction is not granted, and that he is entitled to the relief. Furthermore, 11she has made a pri-ma facie showing that he will prevail on the merits of his defense that arbitration is barred by res judicata.
The Allumses argue that an abandoned suit cannot form the basis of a plea of res judicata. They cite Bishop Homes, Inc. v. Devall, 336 So.2d 313 (La.App. 1st Cir.1976), in support of their argument. However, this is not the typical case of an abandoned suit being dismissed without prejudice. Rather, the judgment dismissed the abandoned suit with prejudice.
The Allumses also argue that exceptional circumstances justify relief from any res judicata effect of the earlier judgment. We agree that circumstances were exceptional, just not in the Allumses’ favor. Their cross-claim remained dormant for over four years. Even after it was dismissed, the Allumses waited over three years to bring their demand for arbitration. They cannot now complain of the *916 earlier judgment impeding their right to arbitration when they did nothing to correct it and have allowed this matter to languish.

Security

The Murases correctly argue that the trial court should have required security when granting the preliminary injunction. La. C.C.P. art. 3610 prohibits a court from issuing a temporary restraining order or preliminary injunction unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. Security will be imposed on remand.
| UDECREE
At the Murases’ cost, we affirm the granting of the preliminary injunction, the denial of the motion to dissolve the preliminary injunction, and the denial of the exceptions of no cause of action and lack of subject matter jurisdiction.
This matter is remanded for the imposition of security and further proceedings consistent with this opinion.
AFFIRMED AND REMANDED.

. Prematurity is a question of procedural arbitrability. Bartley, Inc. v. Jefferson Parish School Bd., 302 So.2d 280 (La.1974).