PITMAN, J.
|, Defendant/Plaintiff in rule, Jeffrey Williams, appeals a judgment denying a “Rule to Show Cause Why Judgment of Child Support Should Not Be Amended.” In 2012, Defendant sought to have a 2003 stipulated judgment of child support amended to reflect the allegedly proper intent of the parties. The trial court denied the motion, finding that the written judgment properly reflected the intent of the parties. The trial court also found that it was without authority to substantively amend the judgment. For the following reasons, we affirm the judgment of the trial court.

FACTS

In 2002, Rosalind Thomas (“Thomas”) filed a petition against Defendant to establish child support payments. A hearing was held in May 2008. Both parties were represented by counsel. On that date, the parties reached a stipulation, which was evidenced by a transcript of record in the case. The transcript provides a colloquy by which the stipulation was placed on the record settling all disputes for child support obligations, medical insurance costs and child care expenses as it related to the parties’ two children.
The transcript reflects that Thomas’ attorney had prepared an obligations worksheet setting forth the income of the parties, which had been reviewed by both the opposing attorney and the court. The worksheet reflected that Defendant’s total monthly child support obligation was $1,463, which consisted of $1,002 for basic child support and the remainder his obligation for child care payments and health insurance premiums. Defendant agreed to pay the child care separately and directly to the child |acare provider. The transcript further reflects that both parties acknowledged to the court that they understood and agreed to be bound by the stipulated agreement.
Thomas’ attorney stated on the record that the obligations worksheet would be attached to the written judgment reflecting the stipulated agreement of the parties. The worksheet, however, was not attached to the written judgment. The written judgment stated in pertinent part as follows:
IT IS ORDERED that JEFFREY WILLIAMS shall pay child support to ROSALIND THOMAS in the amount of $1,463.00 per month beginning April 1, 2003.
FURTHER ORDERED, that JEFFREY WILLIAMS shall be allowed to pay the above child support obligation beginning in June 2003, as follows:
a) The entire payment for April and May shall be paid directly to ROSALIND THOMAS;
b) JEFFREY WILLIAMS shall pay $1,002.00 directly to ROSALIND THOMAS;
c) JEFFREY WILLIAMS shall pay all costs of medical insurance;
d) JEFFREY WILLIAMS shall pay his portion of day care cost to the childcare provider, Carol’s Kids, 201 Beasley Ave., Monroe, LA;
In 2012, Defendant filed a “Rule to Show Cause Why Judgment of Child Support Should Not Be Amended” to correct the monthly amount to be paid in accordance with the agreement of the parties. A hearing was held on the amendment; and, after the 2003 obligations worksheet used by the parties in confecting the agreement was authenticated, the trial court admitted it into evidence.
|sThe trial court heard the testimony of both parties. Defendant testified his understanding of the ágreement was that he *718 was to pay Thomas the sum of $1,002 per month, as well as his 76 percent share of the child care costs to be paid directly to the child care provider. He further testified that his employer withheld his child support payment of $1,463 from his military income for many years and that it is now withheld from his retirement income. Defendant stated that he paid the children’s day care provider, Carol’s Kids, the sum of $280 per month for an undetermined period of time, but admitted that he had not paid those expenses directly to any other child care provider because he had not been informed of any new providers’ names and/or addresses. Defendant admitted that he had failed to make some child support payments and that, in addition to the $1,463 child support payment, an additional amount was being withheld from his monthly retirement check to repay the arrearage.
Thomas testified that she used the $1,463 she received monthly to pay Defendant’s share of the children’s day care expenses for every provider since the date of the stipulation. She confirmed that she had used several day care providers in the past years and that the cost fluctuated with each provider. She testified that she often did not have a contact address for Defendant and, therefore, was unable to provide him with the name and address of the ever-changing providers she used. Thomas testified that it was her understanding that Defendant was to pay her $1,463 per month in child support, and she chose to pay the children’s total day care expenses out of that sum.
|4The trial court found that the written judgment correctly reflected the intent of the parties as indicated by their oral stipulation and the obligations worksheet and that the judgment did not require an amendment. The trial judge, therefore, denied Defendant’s request to reduce his child support obligation from the sum of $1,463 per month to $1,002. The trial judge also found that to modify the judgment as requested by Defendant would result in a substantive change in the judgment and that, under La. C.C.P. art.1951, he was without authority to grant the relief requested by Defendant. This appeal ensued.

DISCUSSION

Admission of obligations worksheet

Defendant has raised two assignments of error, one of which is a threshold issue to the other and which should be addressed first. Defendant argues that the trial court erred in admitting and considering the copy of the obligations worksheet at the hearing in 2012 when that worksheet was never admitted into the original ease record. Defendant complains that he objected to the introduction of the document, which was undated and only a copy, since it had not been introduced or made a part of the record at any time earlier. Thomas argues that the trial court’s consideration of the worksheet was proper since it conclusively established through a careful analysis of the entire record that the worksheet in question was an authentic copy of the original worksheet.
La. C.E. art. 1003 governs the admissibility of duplicates and states as follows:
IfiA duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3) The original is a testament offered for probate, a contract on which the claim or defense is based, or is other *719 wise closely related to a controlling issue.
The transcript of the 2003 hearing showed that Thomas’ attorney prepared the obligations worksheet to calculate the pro rata share of child support to be paid by each party. Before discussing the figures contained in the worksheet, Thomas’ attorney stated that the opposing attorney and the trial judge had reviewed the worksheet and that he would prepare the written judgment and attach the worksheet to it.
At the hearing in 2012, Thomas’ attorney testified that the worksheet was the one he filled out in his own handwriting for this particular case and that he had removed it from his file which had been in storage. He stated that the initials on the bottom of the page were his and that the document was the original filled out in court or shortly thereafter. He attested that he maintained a copy of the document in his file. Defendant’s attorney was allowed to cross-examine Thomas’ attorney regarding the authenticity of the document.
We find no error in the admission and consideration of this document by the trial court in its decision regarding the merits of the motion to amend the child support judgment. There were no real questions as to its | (¡authenticity, and no circumstances which would make its admission unfair. Therefore, this assignment of error is without merit.

Denial of motion to amend child support judgment

Defendant’s second assignment of error is that the trial court erred in denying his motion to amend the judgment of child support since a judgment may be corrected for alteration of phraseology and calculation errors, as long as the amendments are not substantive. Defendant argues that the colloquy at the 2008 hearing indicates that he was to pay $1,002 in basic child support to Thomas and 76 percent of the child care costs directly to the child care provider. He further argues that the written judgment that was signed requires him to pay $1,463 per month rather than $1,002 per month. In addition, he argues that the judgment on its face is unclear and ambiguous. Therefore, when he filed his rule to modify the judgment, he sought only to correct a calculation error and to have a judgment rendered which would accurately reflect the agreement between the parties.
Thomas opposed the request for amendment of the judgment and argued that none of the conditions necessary for amendment of the judgment under La. C.C.P. art.1951 were present in this case. She argues that Defendant is seeking not to correct calculations or to alter the phraseology, but, instead, is seeking a substantive change in the judgment. She claimed that the evidence presented at the hearing established that there were no errors in the calculation as to the determination of the amount of child support to be paid and that, in fact, there was no conflict between the signed judgment and the oral stipulation entered in 2003.
|7La. C.C.P. art.1951 concerns the amendment of judgments and states in pertinent part as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party;
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
La. C.C.P. art 1951 contemplates the correction of errors of calculation in a judgment, but does not allow the substantive amendment of judgments. Thus, the *720 judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. LaBove v. Theriot, 597 So.2d 1007 (La.1992); Hebert v. Hebert, 351 So.2d 1199 (La.1977).
It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended or revised by the judge who rendered it, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. Villaume, supra.
Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in La. C.C.P. art.1951. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute ^nullifies. LaBove, supra; Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692.
Under La. C.C.P. art.1951, the trial court cannot substantively amend a final judgment even to express the court’s actual intent or to conform the judgment to the court’s oral or written reasons for judgment. Stoffer v. Stoffer, 29,458 (La.App.2d Cir.5/7/97), 693 So.2d 1229; Posey v. Singletary, 37,425 (La.App.2d Cir.9/24/03), 855 So.2d 853.
La. C.C. art. 3071 concerns compromise and states that it is a contract whereby the parties, through concessions made by one or more of them, settle a ‘dispute or an uncertainty concerning an obligation or other legal relationship. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.
In Reon v. Reon, 07-1277 (La.App. 3d Cir.4/2/08), 982 So.2d 210, the court found the open court recitations, by which the parties in a divorce proceeding agreed to the stipulations offered by their respective attorneys, constituted a binding compromise or agreement on the partition of their community property. The court also found that portions of the judgment dividing community property in the divorce proceeding that did not accurately reflect the intent of the parties as indicated by their oral stipulation to property division had to be removed from the judgment.
The judgment at issue in this case resulted from a stipulated agreement between the parties; therefore, the written judgment should accurately reflect the intention of the parties as to the child support [ ^Defendant was to provide to Thomas. We find that the written judgment does accurately reflect the agreement between the parties and that the trial court correctly found that no amendment was necessary.
At the hearing in 2012, Thomas’ attorney presented evidence in the form of the obligations worksheet prepared in 2003 by which the determination of Defendant’s child support obligation was made. The worksheet showed that Thomas’ monthly adjusted gross income was $1,574 and Defendant’s monthly adjusted gross income was $5,000, which equals a combined monthly adjusted gross income of $6,574. Thomas’ percentage of the income was computed to be 24 percent and Defendant’s 76 percent. Based on these figures, the combined basic child support obligation was calculated to be $1,319.
The sum of $571 for child care costs was added to the basic child support obligation, *721 together with a health care premium of $36,[1] making the parties’ total child support obligation $1,926. Defendant’s 76 percent was thus determined to be $1,468.
Defendant’s attorney correctly confirmed that his client’s monthly payment to Thomas would be 76 percent of the basic child support obligation of $1,319, i.e., $1,002, and that Defendant would separately pay the child care expenses and health insurance premium. Accordingly, Defendant’s child support obligation consisted of the $1,002 basic child support payment to Thomas, 76 percent of the $36 insurance premium |in($27.36) and 76 percent of the child care expense of $571 ($433.96), for a total of $1,463. Based on this reasoning, the oral stipulated agreement entered into by the parties in 2003 is accurately reflected in the written judgment.
For the foregoing reasons, we find that the trial court was correct in finding that the written judgment accurately reflected the stipulated agreement of the parties with regard to the payment of all child support obligations and properly denied the motion to amend the child support payments. The total amount of the payment due each month remained consistent with that set forth in the written judgment, notwithstanding the fact that, through the years, it was not entirely implemented by direct payment to child care providers. Any judgment rendered which would have modified the child support judgment would have resulted in a substantive amendment of the judgment and would have been a nullity.
This assignment of error, therefore, is without merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court denying the motion of Defendant, Jeffrey Williams, to amend the stipulated judgment of child support is affirmed. Costs of appeal are assessed to Jeffrey Williams.
AFFIRMED.

. Williams has claimed that he is unaware where the $36 figure for health insurance premiums arose because he was in the military and the children were insured through his employment at no cost to him.