MOORE, J.
|TIra W. Crawford appeals a judgment sustaining exceptions of no right and no cause of action filed by his former wife, Barbara Bonner Crawford, and dismissing his motion to “correct” a judgment of community property partition. We affirm.

Procedural Background

Barbara and Ira got married in 1988; shortly before their 20th anniversary, they physically separated. In September 2008, Barbara filed for an Art. 102 divorce and, in March 2009, she moved for judgment of divorce. Notice of her rule was served on Ira’s attorney, Carl Cooper. After a hearing at which Mr. Cooper was present, the district court granted the divorce on April 27, 2009. Ira filed a declinatory exception of lack of service of process, urging that service should have been made on him personally under La. C.C.P. art. 1314 A(2)(b). The court denied this on March 23, 2010, and Ira did not seek supervisory review.
The parties then entered the highly contentious process of dividing the community, but the only asset germane to the appeal is a 2007 Dodge Ram 3500 Quad Cab truck. On December 2, 2009, Barbara filed a detailed descriptive list (“DDL”) stating that the Dodge Ram was Ira’s separate property. Ira filed no DDL of his own, so on April 19, 2010, the district court rendered judgment adopting Barbara’s DDL. Then the parties failed to provide valuations of various items, so the matter proceeded to a hearing officer conference (“HOC”), followed by two more HOCs. In September 2010, Ira filed a motion traversing various classifications, specifically urging that the Dodge Ram was not his separate property because it was acquired during the marriage.
*1115 | ¡After the final HOC, Hearing Officer Sullivan wrote a report and master list classifying the Dodge Ram as Barbara’s separate property, with the notation: “wife says her separate, husband says community, however Judge Leehy adopted her classification when he adopted her detailed descriptive list.” The HOC report, filed January 3, 2012, gave the parties until January 31, 2012, to file any written objections. No one filed any objection.
On February 17, 2012, the district court rendered judgment partitioning the community in accordance with the hearing officer’s recommendations. This judgment, also stating that no objections had been raised, was filed on February 24, 2012. Copies of the judgment were mailed to Mr. Cooper and to Barbara’s counsel.
Ira did not deliver the Dodge Ram to Barbara, as called for by the hearing officer report. On July 11, 2012, she filed a rule for contempt. At this point, apparently, Ira and Mr. Cooper noticed that the Dodge Ram was listed as Barbara’s separate asset. Pursuant to court order, Barbara took possession of the truck on July 20.
On July 25, 2012, Ira filed a “motion to correct the judgment of partition” and a motion for return of the truck. He alleged that the classification of the Dodge Ram as Barbara’s separate property was a typographical error. Because of service and other technical deficiencies, the court never ruled on these motions.
On April 30, 2013, Barbara filed the instant exceptions of no right and no cause of action. She alleged that changing the classification of an ¡¡.asset was a substantive change and could not be made by motion to amend the judgment. After a hearing in May, the district court sustained Barbara’s exceptions and dismissed Ira’s rules.
Ira now appeals, raising two assignments of error.

Discussion

By his first assignment, Ira urges the court “erred in its application of La. C.C.P. art. 1314 A(1)(b) [sic].” He shows that the judgment of divorce, granted April 27, 2009, was served on his counsel, Mr. Cooper, but he argues that under Art. 1314 A(2)(b), “service may not be made on the counsel of record after a final judgment terminating or disposing of all issues has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.” Ira contends that the judgment of divorce was a disposition of all issues prayed for, so service had to be on Ira personally, not on counsel.
The record shows that Ira already raised the insufficiency of this service by declinatory exception, which the court denied on March 25, 2010. Ira did not seek supervisory review of that ruling. The ruling on an exception of insufficiency of service is interlocutory. Sulik v. Monnerjahn Const. Co., 387 So.2d 46 (La.App. 4 Cir.1980); Molero v. Bass, 190 So.2d 141 (La.App. 4 Cir.1966), writ ref'd, 250 La. 2, 193 So.2d 523 (1967). An interlocutory judgment is appealable only when expressly provided by law. La. C.C.P. art. 2083C. Ira has not shown this court, and we are not aware of, any provision of law making the denial of an exception of insufficiency of service appealable. We also note that Ira did not appeal the judgment of partition, filed February 24, 2012. The failure to appeal the |4final judgment is jurisdictional and forecloses any review of issues that may have arisen from that judgment. Baton Rouge Bank & Tr. Co. v. Coleman, 582 So.2d 191 (La.1991); Harrison v. Rogers, 45,641 (La.App. 2 Cir. 11/3/10), 54 So.3d 1116, writ denied, 2010-2694 (La.1/28/11), 56 So.3d 957. This assignment lacks merit.
By his second assignment of error, Ira urges the court erred “in its conclusion *1116 that the original ruling by the court was changed by the typographical error by the hearing officer who said continually and prefaced the report in which the error appeared, that all rulings in the report were based on the March 25, 2010, ruling of Judge Leehy.” In essence, Ira contends that Hearing Officer Sullivan changed Judge Leehy’s original ruling, which classified the truck as Ira’s separate property. He argues, without elaboration, “How can practitioners rely on said process when conclusions are disregarded?” He submits that the judgment should be vacated and the matter remanded for proper service in accordance with Art. 1314 and for a hearing to determine what the hearing officer really intended in her report.
The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. LaBove v. Theriot, 597 So.2d 1007 (La.1992); Thomas v. Williams, 48,003 (La.App. 2 Cir. 5/15/13), 115 So.3d 715. As noted, Ira did not appeal the judgment of partition, resulting in a lack of jurisdiction for this court to modify that judgment. Baton Rouge Bank & Tr. Co. v. Coleman, supra; Harrison v. Rogers, supra. He also did not move for a new trial.
Instead, he filed a motion to “correct” the judgment. La. C.C.P. art.1951 laprovides:
On the motion of any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.
The district court found that changing the classification of a marital asset would be a change of substance, not of phraseology or typography, and in this we find no manifest error. The kind of amendment allowed by Art.1951 is one that “takes nothing from or adds nothing to the original judgment.” Villaume v. Villaume, 363 So.2d 448 (La.1978); Thomas v. Williams, supra. The hearing officer apparently made an error in classifying the truck as Barbara’s separate asset, after Ira alleged it was community property, Barbara alleged that it was Ira’s separate property, and the district court expressly adopted Barbara’s DDL.[1] Nonetheless, changing the classification of an asset is much more than a mere change of phraseology. We find it is a change of substance, akin to changing a reference to the plaintiffs “operator’s license” to “commercial diver’s license,” changing a dismissal from “with prejudice” to “without prejudice,” or changing a child support decree from $1,002 to $1,463 a month, amendments that were disallowed in Magill v. State, 27,802 (La.App. 2 Cir. 1/24/96), 666 So.2d 1260, State v. Moran, 94-33 (La.App. 5 Cir. 5/11/94), 638 So.2d 264, and Thomas v. Williams, supra, respectively. This court has held that a substantive change to a judgment is an absolute nullity, even if the change reflects the district court’s true intent. Stoffer v. Stoffer, 29,458 (La.App. 2 Cir. 5/7/97), 693 So.2d 1229.
*1117 On this record and following the applicable law, the court is without authority to amend or “correct” the judgment. We would only note that after the hearing officer’s report was filed on January 3, 2012, Ira had until January 31 to object, but did not do so. After judgment was filed on February 24, 2012, he had until March 10 to move for a new trial, until April 2 to move for suspensive appeal, and until April 30 to move for devolutive appeal. La. C.C.P. arts.1974, 2123 A, 2087 A. Although the result appears to be unfortunate, we must observe that Ira had nearly four months — from January 3 to April 30 — in which to read the hearing officer’s report and seek to correct it through proper procedures. This court is without authority to supply procedural steps that a litigant failed to take. This assignment of error lacks merit.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by Ira W. Crawford.
AFFIRMED.

. In fairness to the hearing officer, this property division encompassed not only major assets like the marital home, vehicles and retirement accounts, but a large number of household goods and appliances, including individual items of furniture, linens, tools and jewelry. With seven pages of assets in the master list, each item disputed as to classification and value, an error as to one item is possible.