DREW, J.
hAt issue in this suit to establish a right of passage is whether the judgment that dismissed an earlier suit with prejudice on the grounds of abandonment can serve as the basis for the exception of res judicata. Concluding that it cannot, under the circumstances of this case, we reverse.
*619 FACTS
On February 21, 2006, Entrada Company, LLC, filed suit (“first suit”) to obtain a right of passage across three tracts of land in Ouachita Parish. Entrada asserted that it had no access to a public road from its property.
Entrada filed motions for summary judgment in May and November of 2007; these were denied in November of 2008. The trial court noted in a footnote that it found a genuine issue of material fact existing with respect to the availability of access to a public road by a route not crossing the defendants’ property as shown in an affidavit from a defendant. The court added that the presence of that evidence precluded a finding that La. C.C.P. arts. 689 and 692 entitled Entráda as a matter of law to exercise passage at the site requested.
On January 23, 2009, Entrada filed an amended petition to name additional landowners as defendants. The amended petition was answered on February 11, 2009.
On March 26, 2014, through attorney Douglas Stokes, Entrada filed a petition for right of passage (“second suit”) seeking the same relief against the same defendants as in the first suit, which had not been filed by Stokes.
On April 11, 2014, two of the defendants, Roderick Pressley and Ruthie Ann Press-ley, filed a motion in the first suit to dismiss it on the | aground of abandonment. Three days later, the trial court signed an order dismissing the suit with prejudice for want of prosecution.
On April 17, 2014, Roderick Pressley and Ruthie Ann Pressley filed an answer and raised several exceptions including res judicata in the second suit. The exception of res judicata was granted on August 13, 2014, with the judgment in accordance with this ruling signed on February-5, 2015. Entrada filed a timely motion for a devolutive appeal, which was granted on March 11,2015.
On March 11, 2015, Stokes filed a motion in the first suit to enroll as counsel of record for Entrada and to set aside the dismissal on the grounds that it should have been without prejudice. The hearing was set to be heard in June. According to counsel at oral argument before this court, the judgment of dismissal was amended to remove the “with prejudice” language.
DISCUSSION
Under La. R.S. 13:4231, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; -and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049.
|3The doctrine of res judicata is stricti juris, and any doubt concerning the application of res judicata must be resolved against its application. Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210.
There is no question that the two lawsuits are essentially identical. However, because the first suit was dismissed because of abandonment, that is not the end of the inquiry in this matter.
An abandoned suit cannot form the basis of a plea of res judicata. Bishop Homes, Inc. v. Devall, 336 So.2d 313 (La.App. 1st Cir.1976), writ denied, 338 So.2d 1155 (La.1976). Moreover, a trial court is without authority to dismiss an action with *620 prejudice for failure to prosecute. Reed v. Peoples State Bank of Many, 36,531 (La.App.2d Cir.3/5/03), 839 So.2d 955. A judgment that dismissed the first action yrith-out prejudice is the second of three exceptions to the general rule of res judicata that are found in La. R.S. 13:4232(A).
In support of their argument that the dismissal with prejudice in the first suit can serve as the basis for their exception of res judicata, appellees cite Wilson v. Allums, 47,147 (La.App.2d Cir.6/8/12), 94 So.3d 908, writ denied, 2012-1611 (La.10/26/12), 99 So.3d 650, where this court concluded that a subsequent action was barred by res judicata because the earlier judgment had dismissed an abandoned .claim with prejudice.
The Allumses had contracted with Wilson for the construction of a log home. The contract provided that all disputes between them arising from the contract were to be decided in arbitration. In 2002, a lumber supplier filed suit against Wilson and the Allumses, who then filed a |4cross-claim against Wilson. Summary judgment was granted in favor of the supplier. In 2006, Wilson’s attorney wrote to the Al-lumses’ attorney that because of an earlier letter acknowledging that the dispute would be resolved through arbitration, he was going to move to dismiss the cross-claim for abandonment, which was dismissed with prejudice on December 11, 2006. This dismissal was never appealed. In March of 2010, the Allumses submitted an arbitration demand. Wilson then sought injunctive relief, claiming that because the earlier judgment had dismissed the cross-claim with prejudice, it had a res judicata effect as to the demand for arbitration.
The threshold issue in Wilson was whether the trial court had subject matter jurisdiction to entertain the preliminary injunction which was- based on the theory of res judicata. After this court determined that the trial court did have subject matter jurisdiction, it next considered whether the judgment had res judicata effect. This court cited the general rule that a court lacks authority to dismiss an action for abandonment with prejudice, but then, citing a case from the Fourth Circuit, acknowledged that such dismissals had been recognized. This court concluded that because the Allumses had taken no action to set aside the judgment or seek review of it, they could not benefit from their own inaction to escape the res judica-ta effect of the dismissal. This court also dismissed the argument that the first exception to res judicata found in La. R.S. 13:4232(A), when exceptional circumstances justify relief from the res judicata effect of the judgment, applied. According to this court, the circumstances were exceptional, just | mot in the Allumses’ favor. The cross-claim had remained dormant for more than four years, and the Allumses had waited more than three years after its dismissal to demand arbitration.
Wilson can be readily distinguished. First, although an abandonment is operative without formal order,[1] the appellees had not motioned for dismissal before a new attorney, Stokes, filed the second suit on behalf of Entrada. We note that comment (d) to the res judicata statute states, with our emphasis:
Valid and final. To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and *621 over parties, and proper notice must have been given. The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part. The use of the phrase “final judgment” also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter .unless the judgment is reversed on appeal. Having the res judicata effect of a judgment attach at the time of final judgment is rendered by the trial court is in accord with our present law on lis pendens, see Code of Civil Procedure Articles 531, 532.
Second, the Allumses did nothing regarding the judgment dismissing their cross-claim for abandonment. In contrast, following the entry of the judgment dismissing the second suit, Stokes filed a motion in the first suit to enroll as counsel of record for Entrada and to set aside the dismissal on the grounds that it should have been without prejudice. Granted, this occurred Ualmost six months after the exception of res judicata was sustained at the hearing on the exception, but nevertheless it still occurred. Furthermore, as noted to this court by counsel, Entrada was apparently ultimately successful in obtaining an amended judgment in the first suit that removed the “with prejudice” language.
Finally, the natures of the actions differ between this matter and that in Wilson, where the cross-claim concerned the construction of a home. Here, at issue is whether Entrada is entitled to a right of passage. We are mindful that such a servitude imposed by law is imprescriptable. See Young v. Manuel, 385 So.2d 544 (La.App. 3d Cir.1980).
The judgment of dismissal in the first suit should have been without prejudice, which would have triggered the second exception[2] in La. R.S. 13:4232. However, we find that the exceptional circumstances exception in La. R.S. 13:4232 applies to preclude the application of res judicata in this matter.
Appellees contend that in the first suit, the trial court considered or ruled on the merits of the case.when it denied Entrada’s motions for summary judgment. We disagree. As stated by the Fourth Circuit in Young v. Dupre Transport Co., 97-0591, p. 2 (La.App. 4th Cir.10/1/97), 700 So.2d 1156, 1157:
When a summary judgment is denied no adjudication takes place. Such a denial is the antithesis of an adjudication. It is based on a finding that one or more genuine issues of material fact exist requiring a trial on the merits before an adjudication can be made. The denial of a motion for summary judgment is, |7in effect, a finding that no adjudication of the merits can be made at the time the motion is denied.
DECREE
At appellees’ "costs, the judgment dismissing the second suit is REVERSED, and this matter is REMANDED to- the trial court for further proceedings.

. An abandonment shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561(A)(3).

. When the judgment dismissed the first action without prejudice.