STONE, J.
This appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Carl V. Sharp presiding. The subject of this appeal is the trial court’s amendment of the order dismissing the action for abandonment. For the following reasons, we affirm.
FACTS
On February 21, 2006, Entrada Company, LLC (“Entrada”), through attorney Carl D. Walker, filed suit (“first suit”)[1] to obtain a right of passage across three tracts of land in Ouachita Parish owned by Henderson Pressley, et al (“defendants”). Entrada asserted that it had no access to a public road from its property.
On March 26, 2014, through attorney Douglas Stokes, Entrada filed a petition for right of passage (“second suit”)[2] seeking the same relief against the same defendants as in the first suit.
On April 11, 2014, two of the defendants, Roderick Pressley and Ruthie Ann Press-ley, filed a motion to dismiss the first suit due to abandonment. On April 14, 2014, the trial court signed an order dismissing the first suit with prejudice for failure to prosecute for more than five years. According to Entrada, this is the same day it ceased to be represented by Carl D. Walker in the first suit.
On April 17, 2014, Roderick Pressley and Ruthie Ann Pressley filed an answer and raised several exceptions including res judicata, in the second suit. A copy of the trial court’s order dismissing the first suit was attached to the exceptions. The exception of res judicata was granted on August 13, 2014, and a formal judgment was signed on February 6, 2015.[3]
On March 11, 2015, Stokes filed a motion in the first suit to enroll as. counsel of record for Entrada and to set aside the dismissal in the first suit. At the hearing on the motion, Entrada abstained from arguing that the order dismissing the first suit for abandonment was improper. Instead, Entrada asserted that the dismissal should have been rendered without préjudice rather than with prejudice. The defendants argued that Louisiana jurisprudence has recognized dismissals for abandonment with prejudice.
The trial court ruled - in favor of Entra-da, and opted to amend the order dismissing the first suit by omitting the language “with prejudice.” On August 4, 2015, a formal judgment was signed by the trial court removing the “with prejudice” language and furnishing the modification with retroactive effect. The defendants now appeal.
DISCUSSION
The defendants argue that the trial court erred in substantively modifying the order dismissing'the first suit for abandonment by deleting the language “with prejudice.” The defendants assert that La. C.C.P. art. 1951 does not allow a trial court to substantively amend a final judgment. Thus, the trial court’s judgment deleting the language “with prejudice” from the order dismissing the first suit is an absolute nullity.
*850 Entrada points to this court’s opinion in Entrada Co., LLC v. Pressley, 50,261 (La.App.2d Cir.12/02/15), 183 So.3d 617, to argue that a trial court lacks authority to dismiss an action with prejudice for failure to prosecute.
It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered it, except in the manner provided by law.[4] Villaume v. Villaume, 363 So.2d 448 (La.1978); Thomas v. Williams, 48,003 (La.App.2d Cir.05/15/13), 115 So.3d 715, 720. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in La. C.C.P. art. 1951. Louisiana courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities. LaBove v. Theriot, 597 So.2d 1007, 1010 (La.1992).
In State ex rel. Dep’t of Soc. Serv. v. A.P., 2002-2372 (La.App. 1st Cir.06/20/03), 858 So.2d 498, the court found that changing a judgment from “without prejudice” to “with prejudice” was a substantive amendment because it directly affected the rights of the plaintiff. See also Crawford v. Crawford, 49,059 (La.App.2d Cir.05/14/14), 139 So.3d 1113, 1116; and, State, Dep’t of Soc. Servs. v. Moran, 638 So.2d 264, 266 (La.App. 5th Cir.1994) (“The amendment of a judgment from one “with prejudice” to one “without prejudice” is clearly a change in the substance of the judgment.”)
In Entrada Co., LLC v. Pressley, supra, this court exercised its appellate review over the trial court’s decision to grant the defendants’ exception of res judicata in the second suit. This court acknowledged that Entrada’s first suit should have been dismissed without prejudice. Morgan v. Hopkins, 36,506 (La.App.2d Cir.10/23/02), 830 So.2d 459, writ denied, 2002-2866 (La.01/31/03), 836 So.2d 71 (“A trial court is without authority to dismiss an action with prejudice for failure to prosecute.”). However, instead of disturbing the trial court’s order dismissing the first suit with prejudice, this court used the exceptional circumstances exception in La. R.S. 13:4232 to preclude the application of res judicata,[5] Entrada Co., LLC v. Pressley, supra (“An abandoned suit cannot form the basis of a plea of res judicata.”).
In the instant matter, even if we determined that the trial court erred in amending the order dismissing the first suit by eliminating the “with prejudice” language, it would have no practical effect on the outcome of the first or second suit. Entrada is seeking the same relief it sought in the first suit by way of the second suit. It is not disputed that the first suit was abandoned and this court has already determined that the second suit may proceed despite the original order dismissing the first suit for abandonment with prejudice. Entrada Co., LLC v. *851 Pressley, supra. Thus, the amendment by the trial court is harmless error.
We pretermit any other arguments made by the parties and affirm the judgment of the trial court.
CONCLUSION
For the foregoing reasons, the trial court’s judgment amending the order dismissing the action for abandonment is affirmed. Costs of this appeal are assessed to the defendants.
AFFIRMED.

. Trial court docket number 2006-0765.

. Trial court docket number 2014-0922.

. The trial court’s judgment was the- subject of this court’s opinion in Entrada Co., LLC v. Pressley, 50,261 (La.App.2d Cir.12/02/15), 183 So.3d 617.

. La. C.C.P. art. 1951 provides in pertinent part that:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation.

. La. R.S. 13:4232 provides that:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.